ALBERT GOLDSTEIN, Respondent, v. GEORGE WICKETT, Appellant.

Fourth Department, January 18, 1957.

*Philip J. O'Shea* for appellant.

*Benjamin A. Quitt* (*Emil L. Cohen* of counsel), for respondent.

VAUGHAN, J. The appellate courts of this State have often had occasion to condemn the tardiness of some attorneys in furnishing bills of particulars in response to demand. Such tardiness demonstrably hurts the administration of justice in this State. The failure to serve a bill of particulars, which might have been prepared in minutes, may seriously delay the trial of an action on the merits. The workday of overburdened trial judges must then be consumed by motions to preclude and motions to vacate preclusion orders, and if, as often occurs, the latter are ignored or lightly regarded, then the solemn process of the courts falls into disrepute. We have indicated that an attorney whose practice in this respect is conspicuously lax may well subject himself to disciplinary proceedings (*Gigliotti v. Morasco*, 2 A D 2d 653). The possibility of civil liability to his client is equally real (see *Kamp* v. *Syracuse Tr. Corp.*, 284 App. Div. 1028). Certainly he comes to this court with a very heavy burden of explanation. He must show in factual detail an excuse proportionate to the neglect. We turn to the record

in this case to determine whether such an excuse has been shown.

This is an ordinary negligence action. The pleadings were served in June, 1954. On June 25 defendant served upon counsel for plaintiff a demand for a bill of particulars, in the form permitted by rule 116 of the Rules of Civil Practice. No response was made within the 10-day period. Indeed, it was over one month after service of the demand when plaintiff's attorney claims to have written the first of several letters to an attending physician requesting a medical report. For over one month, then, the demand seems to have been curtly ignored. No motion to vacate or modify was made. No bill was served containing such of the particulars of the claim as were then available. No obstacle blocked compliance with eight of the ten paragraphs of the demand. If counsel in good faith had furnished the fullest bill which the circumstances then permitted, stating his inability to particularize the medical aspects of the claim at that time, no court would have granted an order of preclusion (cf. *Richards* v. *Miller,* 167 App. Div. 443, 444). But nothing of the sort was done.

In September, 1954 defendant moved for an order of preclusion. That threat inspired such indifference that no appearance was made in opposition to the motion. A conditional, 10-day order of preclusion was granted. No bill was served in response to the order of the Supreme Court, and plaintiff was therefore effectively precluded from proving his cause of action. A critical moment had then arrived in the course of the action, and it was incumbent upon plaintiff's counsel to seek relief quickly. So far as his affidavit clearly reveals, nothing was done until January, 1955, when a second letter requesting a medical report was dispatched. Six months between letters hardly suggests due diligence, particularly when it is considered that of plaintiff's two physicians only one is now claimed to have failed to submit a report, and what efforts were made to procure a report from the other are not disclosed. At any rate, the latter physician did furnish counsel with a medical report in May, 1955, and the bill of particulars was served (and rejected) in July — more than one year after service of the demand.

Then occurred the most serious and inexcusable delay of all. No relief from the order of preclusion was sought until a motion to vacate was made returnable June 13, 1956 — nearly 21 months after plaintiff's complaint had in effect been dismissed. What counsel was thinking or doing in all those months we cannot imagine, and he does not inform us. Certainly he was not protecting the rights of his client or demonstrating much respect for the mandate of the Supreme Court. If such disorderly

practice were tolerated with unheeded criticism, the overall administration of the law would suffer (see *Paris* v. *Poticha,* 1 A D 2d 277). It is fantastic that, over two and one-half years after the demand, the service of a simple bill of particulars should still be troubling the courts. The learned Justice sitting at Special Term, in granting upon certain conditions the motion to vacate, indicated his thorough disapproval of the laxness of counsel. He relied upon our decision in *Gigliotti* v. *Morasco* (*supra*). We certainly never intended that decision to be construed as permitting the neglect disclosed by this record. The limit of endurance has been reached.

In the exercise of discretion, we have concluded that the order should be reversed and the motion denied.

All concur. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order reversed on the law and in the exercise of discretion, with $10 costs and disbursements, and motion denied, with $10 costs.