RAY WALKER, Respondent, v. TIMOTHY FERRI et al., Appellants.
MARY WALKER, Respondent, v. TIMOTHY FERRI et al., Appellants.

Fourth Department, December 20, 1957.

*Thomas W. Sullivan* for appellants.

*Benjamin Phelosof* for respondents.

*Per Curiam.* On June 20, 1955, 15 days before the expiration of the three-year Statute of Limitations, plaintiffs, represented by attorney William J. Copoulos of Batavia, N. Y., commenced two actions for damages resulting from an automobile accident which occurred on July 5, 1952. Answers and demands for bills of particulars were served on July 14, 1955. Failing to receive the bills of particulars defendants on December 8, 1955 moved to preclude. There was no appearance by plaintiffs and preclusion orders, with 30-day grace periods, were granted. Nothing further was done by plaintiffs, and defendants on November 14, 1956 moved for dismissal of both actions for failure to diligently prosecute. Again, there was no opposition and orders of dismissal were granted upon argument of the motions. On February 21, 1957, although no substitution appears in the record, a different attorney moved on behalf of plaintiffs to vacate the previous orders and over opposition of defendants an order was granted on March 27, 1957 permitting plaintiffs to serve bills of particulars and to place the cases upon the calendar for trial. The record discloses inexcusable neglect on the part of plaintiffs' first attorney. Affidavits of the plaintiffs further charge that added to this neglect was misinformation and misrepresentation when they made inquiries of their attorney as to the status of the actions. Notwithstanding this fact it appears that plaintiffs were not as diligent as they should have been in insisting upon more definite information as to the reasons why their cases were not reached for trial. The fact that there may have been a substitution of attorneys should not be permitted to work a hardship upon defendants who have been substantially prejudiced by the passage of more than four and one-half years between the date of the accident and respondents' motion to cure their defaults. In our opinion, vacating the orders of preclusion and dismissal and permitting plaintiffs at this late date to serve bills of particulars and to proceed to trial was an improvident exercise of the Special Term's discretion. This department has made it clear in *Goldstein* v. *Wickett* (3 A D 2d 135) that it cannot condone or overlook great delay as in the instant case. As was said there, " Such tardiness demonstrably hurts the administration of justice ". (Also, see, *Paris* v. *Poticha*, 1 A D 2d 277; *Hersh* v. *Home Ins. Co.*, 284 App. Div. 428.) We are one with the Third Department in its statement in *Becker* v. *Paragon Supply Co.* (285 App. Div. 991) that " We emphatically con-

demn this kind of practice ''. There is no possible excuse for the trial of an ordinary negligence action in this department more than five years after the happening of the accident. If the affidavits of the plaintiffs are factual it may well be that a cause of action for malpractice may lie against plaintiffs' original attorney. We believe further that the circumstances call for explanation and justification, if possible, on the part of that attorney and we recommend that an inquiry into his conduct, by the proper authorities, be instituted.

The order should be reversed and motion denied.

All concur. Present — McCURN, P. J., VAUGHAN, KIMBALL, WILLIAMS and GOLDMAN, JJ.

Order reversed on the facts and as a matter of discretion, without costs of this appeal to any party and motion denied, without costs.