■ REX BILOTTA CORP., Appellant, v. ABRAHAM HAMZA, Respondent.— Appeal dismissed, without costs, as academic in view of the decision in the companion case of *Rex Bilotta Corp.* v. *Hamza* (22 A D 2d 757) decided herewith. (Appeal from an order of Onondaga Special Term, which granted defendant's motion to set aside and vacate a default judgment.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ LEO NICOTERA, Respondent, v. JOHN ALIASSO, Doing Business as BROWN JUG, et al., Appellants.— Order unanimously reversed, without costs of this appeal to either party, and motion denied, without costs. Memorandum: This action to recover damages for personal injuries, under the Civil Rights Law, was commenced in Oneida County Court on July 21, 1958. Issue was joined on September 24, 1958 and a note of issue was served on May 28, 1959 for the September Term of court. Thereafter and until January 1961 the action was marked "over" for seven times and was then stricken off the calendar. Nothing further was done until substituted counsel for plaintiff by notice of motion dated January 24, 1963 moved to restore the cause to the Trial Calendar. The excuses proffered for the delay, namely engagement of attorneys in other matters, are not sufficient to justify a delay of nearly five years. The order restoring the case to the calendar was an improvident exercise of discretion which cannot be approved by the facts in this record. (*Malekian* v. *McLean Trucking Co.*, 10 A D 2d 825; *Di Giulio* v. *Di Giulio*, 8 A D 773; *Sigmund* v. *House of Cutlery*, 7 A D 2d 565.) (Appeal from order of Oneida County Court granting plaintiff's motion to restore the action to the Trial Calendar.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ MARSHALL NAYLOR, Respondent, v. WILLIAM L. HEFFERNAN, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion granted, without costs. Memorandum: The denial of the motion on the papers before the court was an improvident exercise of discretion. (Appeal from order of Onondaga Special Term, denying defendant's motion to dismiss the action on ground that plaintiff has failed to prosecute the same diligently.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ COUNTY OF ONONDAGA, Respondent, v. STATE OF NEW YORK, Appellant.— Order unanimously reversed, without costs of this appeal to either party, and motion denied, without costs. Memorandum: The granting of the motion was an improvident exercise of discretion. (Appeal from order of Court of Claims, granting permission to file a late claim.) Present — Williams, P. J., Bastow, Goldman, Henry and Del Vecchio, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. TALMADGE GORDON HENDERSON, Appellant, v. WALTER H. WILKINS, as Warden of Attica Prison, Respondent.— Order unanimously reversed on the law, without costs, writ sustained and relator remanded to the Sheriff of Otsego County for resentence after compliance with section 480 of the Code of Criminal Procedure. Memorandum: At the time of the imposition of the sentence of October 15, 1962 there was no compliance with section 480 of the Code of Criminal Procedure, and there should have been. (Appeal from order of Wyoming County Court, dismissing, following a hearing, writ of habeas corpus and remanding relator to custody of Warden.) Present — Williams, P. J., Bastow, Goldman, Henry and Noonan, JJ.