■ CHESTER GINO, as Guardian ad Litem of WILLIAM GINO, Respondent, v. SYRACUSE MEMORIAL HOSPITAL, INC., Appellant. CHESTER GINO, Respondent, v. SYRACUSE MEMORIAL HOSPITAL, INC., Appellant.— Order unanimously reversed, without costs of this appeal to any party, and motion to dismiss granted, without costs. Memorandum: The defendant appeals from the denial of its motion which sought an order striking notes of issue or in the alternative dismissing the causes of action for failure to prosecute. The actions are by an infant for personal injuries and his father for derivative damage. The negligent acts alleged by the plaintiffs took place on July 25, 1956, August 4, 1956, and August 5, 1956. The actions were commenced on July 17, 1957 by

service of summonses. Notices of retainer were served August 16, 1957. On March 3, 1958 a motion to dismiss the summonses was made which resulted in a conditional order. The complaints were furnished in compliance with the condition. As the result of a motion to preclude heard October 6, 1958 an order was granted, again conditionally. Copies of this order were served November 5, 1958 and bills of particulars supplied November 25, 1958. On October 18, 1962 a motion to dismiss the complaints for failure to prosecute was made. This motion was adjourned from time to time at the request of the plaintiffs and never argued or decided. Thereafter and on December 3, 1962 a stipulation of discontinuance was filed in each case and copies sent to plaintiffs' attorney. There is a factual dispute as to certain conditions of this stipulation asserted by the plaintiffs which for the purposes of this appeal need not be discussed. On or about October 28, 1964 plaintiffs filed and served notes of issue. It was this that brought on the motion resulting in the order which is now before this court. The plaintiffs' paper resisting the motion makes no attempt to show the causes of action are meritorious. Entirely apart from that, however, is the stark and naked fact that since supplying the bills of particulars on November 25, 1958, about six years prior to the defendant's motion to dismiss, the plaintiffs have taken no affirmative step to prosecute these cases. The only explanation for this inaction is that plaintiffs moved to California in July of 1959 and this severely handicapped the attorney. However this same attorney tells us that no replies to his letters to the guardian ad litem and plaintiff father were received for long periods of time and this lack of communication and apparent disinterest led him to believe there was no desire to continue the actions. It seems clear that there was no reply from the plaintiff father to a letter from his attorney dated November 2, 1962 until August 23, 1964. The explanation is wholly inadequate for this inordinate delay. If such delay, inaction, and lack of interest in litigation is countenanced it can only result in waterlogging calendars to the detriment of litigants desirous of diligently prosecuting their cases. This is an obvious injustice. Nor is it an answer that these long-delayed cases have never before been on a calendar because that is where the plaintiffs now desire them. Calendar management and control and the problems of congestion and delay cannot be viewed on a case by case basis, but must be considered by looking at the whole case load. The bar should be, if it is not already, aware that courts can no longer, in the interests of justice, permit the indolent litigant to delay or bar the diligent one from his day in court. The denial of the motion to dismiss these cases was an improvident exercise of discretion and the order should be reversed and the motion granted. This result will in no way adversely affect the infant who is now only nine years of age and can commence a new action for his claimed injuries. (Appeal from order of Onondaga Special Term denying motion to dismiss for failure to prosecute. Present — Bastow, J. P., Goldman, Henry, Noonan and Del Vecchio, JJ.