■ ANNE B. HAMILTON, Respondent, v. WILLIAM DUDLEY et al., Appellants.— Order unanimously reversed and motion granted, without costs. Memorandum: The inordinate delay in the prosecution of this action requires the granting of the motion to dismiss. A mere recitation of the time table impels us to this determination. The accident occurred on October 31, 1959 and summons were served on December 13, 1959. Defendants promptly served notice of retainer and demand for the complaint. Nothing was done by plaintiff and defendants moved to dismiss on April 18, 1961. Plaintiff then served her complaint on April 21, 1961, as a result of which the motion was marked "off". On May 11, 1961 an answer and demand for a bill of particulars were served. Plaintiff did not furnish the bill of particulars and nearly six months later defendants moved for and were granted an order of preclusion on November 6, 1961, but pursuant to permission given by Special Term plaintiff served the bill on that day. No further effort was made by the plaintiff to bring the case to trial until four years later when on November 26, 1965 (six years after the accident) plaintiff, through a different attorney, served a note of issue. No notice of change of attorneys, as required by CPLR 321, subd. [b], was served upon defendants' attorneys. Defendants then made their motion to dismiss "by reason of plaintiff's unreasonable neglect and failure to prosecute" and it is from the denial of this motion that defendants appeal. No 45 days demand was served by defendants. Under the facts of gross delay present here, a note of issue having been filed by plaintiff, the demand was not necessary (*Commercial Credit Corp.* v. *Lafayette*, 17 N Y 2d 367, 370). Special Term stated that defendants' failure to submit proof of prejudice by the delay was a serious omission. Although prejudice may be one of the factors for consideration under certain circumstances, we do not find it a necessary element in this case. For several years we have condemned tardiness and made it clear that one asking for excuse for great delay in prosecution comes with a heavy burden of explanation (*Goldstein* v. *Wickett*, 3 A D 2d 135; *Walker* v. *Ferri*, 5 A D 2d 24; *Nicotera* v. *Aliasso*, 22 A D 2d 758; *Gino* v. *Syracuse Mem. Hosp.*, 23 A D 2d 964).

The record discloses inexcusable neglect upon the part of plaintiff's first attorney which cannot be cured by substitution of attorneys. The denial of defendants' motion after such a lapse of time was an improvident exercise of Special Term's discretion. (Appeal from order of Supreme Court, Oswego County denying motion to dismiss complaint for failure to prosecute.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.