■ Dorothy Goldberg et al., Respondents, v. Frank Soifer et al., Appellants.—In a negligence action to recover damages for personal injuries, loss

of services, etc., which was automatically dismissed pursuant to CPLR 3404, defendants appeal from an order of the Supreme Court, Westchester County, dated September 28, 1967, which granted plaintiffs' motion to open their default, vacate the dismissal and restore the action to the trial calendar. Order reversed, without costs, and motion denied. In our opinion, plaintiffs failed to make the requisite showing of facts sufficient to excuse their delay in prosecution and failed to establish that they have a meritorious cause of action (*Renne v. Roven*, 29 A D 2d 866; *Boyle v. Krebs & Schulz Motors*, 18 A D 2d 1010, 1011). The cause appeared on the Day Calendar on May 2, 1966 and was marked " off ". It was not restored within a year thereafter and therefore was automatically dismissed pursuant to CPLR 3404. The instant motion was made in August, 1967. Plaintiffs' attorney attributes the default and delay to inadvertence and confusion between the attorney of record and the trial attorney. Such excuses, characterized as " Law Office Failures " (*Sortino v. Fisher*, 20 A D 2d 25, 29), have been weighed in the balance many times and found wanting (e.g., *Renne v. Roven, supra*; *Marzian v. D'Oench*, 28 A D 2d 723; *Evans v. Kompinski*, 28 A D 2d 635; *Greenwald v. Zyvith*, 23 A D 2d 201, 203; *Berger v. Colrick*, 20 A D 2d 639; *Gurrieri v. Spohrer*, 20 A D 2d 914; *Nystrom v. National Airlines*, 20 A D 2d 665). Furthermore, there is no affidavit of merits by plaintiffs. The recital by trial counsel of the testimony of the female plaintiff taken in an examination before trial is not sufficient to permit a determination to be made as to whether evidence exists to support the allegations of the complaint. Therefore, plaintiffs' showing of merit is also inadequate (cf. *Keating v. Smith*, 20 A D 2d 141, 142; *Sortino v. Fisher, supra*, pp. 31–32; see *Uvick v. Sealand*, 27 A D 2d 956). Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.