■ JAMES CARROLL, Respondent, v. ESTRON REALTY CORP. et al., Appellants, et al., Defendants.— Order entered October 4, 1968, denying the defendants' motion to dismiss the action pursuant to CPLR 3012 (subd. [b]), for failure of the plaintiff to timely serve his complaint, and which granted plaintiff's cross motion to allow service of the complaint, is unanimously reversed on the law and on the facts, with $30 costs and disbursements to appellants, plaintiff's cross motion denied and defendants' motion granted. This action was initiated approximately one day prior to expiration of the Statute of Limitations by service of a summons without a complaint. Although the plaintiff received a notice of appearance and demand for a complaint from both defendants, nevertheless no attempt was made to serve a complaint until June 11, 1968, approximately six months after demand had been made. Each of the defendants rejected the complaint as not timely served. The only excuse offered by the plaintiff for his failure to timely serve a complaint is that the prior attorney, who had served the summons, was of the belief that he had in fact served the complaint, since it was his policy "never to start an action with the summons alone". Therefore, when that attorney received a notice of appearance and demand for a complaint he, apparently, ignored the demand since, as indicated, he was of the belief that the complaint had already been served. Such excuse is demonstrably unacceptable. If counsel made it a practice to serve a complaint with a summons then, surely, he would have made it a practice to see that an answer was forthcoming. When no answer was interposed he would have been put on notice to make further inquiry. Moreover, the excuse offered is merely that the complaint was not served due to counsel's inadvertence. That excuse, in the circumstances, is insufficient to justify the delay. (*Sortino* v. *Fisher,* 20 A D 2d 25.) Concur — Eager, J. P., Capozzoli, Rabin and McNally, JJ.