LEONARD MCNAMARA et al., Respondents, *v.* STANLEY R. HUTCHINSON, Appellant.

Third Department, November 6, 1969.

*George P. Bluhm (Friedman, Ladd & Maksail,* by *George A. Maksail,* of counsel), for appellant.

*John J. Sweeney (John J. Sweeney, Jr.,* of counsel), for respondents.

*Per Curiam.* This is an appeal from an order of the Supreme Court, entered November 1, 1968, in Rensselaer County, which

opened respondents' default in failing to restore the action to the calendar for trial within one year after it was marked " off " the said calendar, pursuant to the provisions of rule 2.17 of the Rules for Trial and Special Terms of Supreme Court, Third Judicial Department (22 NYCRR 861.17), and restored the action to the day calendar.

As a result of an automobile accident which occurred on August 13, 1959 each of the plaintiffs-respondents instituted separate actions which were commenced on July 31, 1962 with issue being joined in each action on September 4, 1962. The three actions were consolidated for trial by order dated February 19, 1963. Examinations before trial of all parties were held on October 17, 1963. The action was placed on the general calendar in September, 1966 and on May 1, 1967 the action was transferred from the day calendar to the deferred calendar by reason of respondents' failure to answer the call of the day calendar. On or about May 1, 1968 the consolidated action was dismissed for neglect to prosecute pursuant to rule 2.17.

The said rule entitled " Dismissal of abandoned cases ", provides: " A case not removed from the deferred calendar within one year after it shall have been transferred thereto shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute, in the manner provided by CPLR 3404."

CPLR 3404, entitled " Dismissal of abandoned cases ", provides: " A case in the supreme court or a county court marked ' off ' or struck from the calendar or unanswered on a clerk's calendar call, and not restored within one year thereafter, shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute. The clerk shall make an appropriate entry without the necessity of an order."

A plaintiff may, under certain circumstances, be relieved of his default, and the court may exercise its discretion to vacate the default upon affidavits showing that the action has merit and the delay was excusable (*Boyle* v. *Krebs & Schulz Motors*, 18 A D 2d 1010; *Barnett Co.* v. *St. Paul Fire & Mar. Ins. Co.*, 7 A D 2d 897.) The affidavit of merit must be by either a party or one having knowledge of the facts and must set forth evidentiary, not conclusory, facts demonstrating a viable cause of action. (*Hall* v. *Wabik*, 27 A D 2d 983; *Frenia* v. *Patno*, 25 A D 2d 591.)

Respondent's affidavit on the motion states that his automobile was struck in the rear end by appellant's automobile, and that the plaintiffs suffered personal injuries by reason of the collision. It may be assumed that such affidavit satisfied the

requirement of showing that the action had merit. The real issue on this appeal is whether or not respondents have shown facts sufficient to excuse the delay. Respondents appear to rely on the affidavits of their attorney to establish the excuse for the delay. The only allegations in support of their position are the statements made by their attorney that the action was marked " off " the calendar through inadvertence and mistake, and further because negotiations with appellant's insurance carrier had continued after the action had been transferred to the deferred calendar. It is conceded that an adjuster for appellant's insurance carrier attempted to contact respondents' attorney about eight months before the dismissal without success, and that no further contact was had. It should be further noted that the respondents claim that timely prosecution of the action was burdened by the complexity of the medical proof, without even stating what the various injuries were, or why such proof was complicated.

It has been held that the excuse of inadvertence alone is not a sufficient explanation for the delay. (*Bosco* v. *De Pitt's Mountain Lodge,* 28 A D 2d 717.) Respondents' reliance on the excuse that since settlement negotiations had continued after the action had been transferred to the deferred calendar, is without merit. The record does not indicate that any serious settlement negotiations were held during that period and, in any event, there were no settlement negotiations during the eight-month period prior to dismissal. Under the circumstances of this case, settlement negotiations are in themselves insufficient excuse. (*Wright* v. *Spring Lake Hotel,* 20 A D 2d 936; *Krell* v. *Pelham Syndicate,* 14 A D 2d 845; *Trapani* v. *Samuels,* 3 A D 2d 861.)

In our opinion the respondents did not demonstrate a reasonable substantial excuse for their failure to move to have their action transferred from the deferred calendar prior to its dismissal pursuant to rule 2.17, nor did they demonstrate conclusively that they did not intend to abandon the action. Although it has been held that the phrase " deemed abandoned " suggests " a presumption rather than a fixed and immutable policy of dismissal" (*Marco* v. *Sachs,* 10 N Y 2d 542, 550), the intent of the rule to relieve calendar congestion would be frustrated and defeated if dismissals were vacated upon a mere showing of inadvertence and unsupported mistake. (*Goldberg* v. *Soifer,* 30 A D 2d 533; *Pisaturo* v. *McCloud,* 26 A D 2d 610.)

The order should be reversed, on the law and the facts, and plaintiffs' motion to restore the action to the trial calendar denied, with costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and GREENBLOTT, JJ., concur.

Order reversed, on the law and the facts, and plaintiffs' motion to restore the action to the trial calendar denied, with costs.