■ PHILLIP O. BAMFORD, as Administrator of the Estate of JOSEPH M. BAMFORD, Deceased, Respondent, v. VICTOR H. KAUNITZ, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: This wrongful death action was commenced by the service of a summons alone on November 16, 1966, 12 days before the expiration of the Statute of Limitations. Although a notice of appearance and demand for complaint was served on November 22, 1966, no complaint was forthcoming and no further step was taken in the litigation until February, 1970, when an attorney other than the one who had prepared the summons contacted defendant's counsel to inquire as to the status of the case. Upon being advised that the case had been inactive for more than three years and that a complaint would not be accepted, the attorney acting for plaintiff served a complaint and, when it was returned, made this motion for an order relieving plaintiff of his default in serving the complaint and requiring defendant to accept service thereof. The excuse for the inordinate delay in service of a complaint offered in the affidavit of plaintiff's present attorney is that, over a four-year period, conversations and correspondence with the original attorney of record, to whom the case had been referred, were fruitless in that the file had been either lost, mislaid or destroyed due to the latter's illness and the extensiveness of his practice. We have recently reiterated that "one asking for excuse for great delay in prosecution comes with a heavy burden of explanation" (*Huether* v. *Blad*, 35 A D 2d 774, 775). That burden is not met by the record before us. Excuses such as those offered by plaintiff, which have been characterized as "Law Office Failures", (*Sortino* v. *Fisher*, 20 A D 2d 25, 29) "have been weighed in the balance many times and found wanting." (*Goldberg* v. *Soifer*, 30 A D 2d 533, 534.) The excuse of illness of the attorney of record is also inadequate when it does not appear that the condition existed throughout the period of delay (*Alaimo* v. *D & F Transit*, 35 A D 2d 776; *Jerge* v. *Fuglewicz*, 36 A D 2d 890) and when plaintiff was also represented by other counsel by whom his rights could have been protected. In a similar case, where plaintiffs had both original counsel and counsel to which their case had been referred, the court said: "Plaintiffs failed to establish a reasonable excuse or justification for their delay in serving their complaint (*Keating* v. *Smith*, 20 A D 2d 141). Such delay on the part of a plaintiffs' attorney of record or trial counsel is and should be imputed to the plaintiffs. If the rule were otherwise, plaintiffs would rarely suffer a dismissal. It would be the very unusual case where the plaintiff himself could be personally implicated in his attorney's delay (*Sortino* v. *Fisher*, 20 A D 2d 25, 29). So it is that, as between innocent defendants and innocent plaintiffs, it is just to burden plaintiffs because of their agents' inaction (*Gallagher* v. *City of New York*, 19 A D 2d 623; *Nocella* v. *City of New York*, 18 A D 2d 1015) ". (*Greenwald* v. *Zyvith*, 23 A D 2d 201, 203.) On the record at hand it was an improvident exercise of discretion to grant the order on the grounds stated by Special Term. (Appeal from order of Erie Special Term, granting motion to serve complaint.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Henry, JJ.