■ MARY E. MOHAN, as Administratrix of the Estate of JOHN E. MOHAN, Deceased, Appellant, *v.* STATE OF NEW YORK, Respondent. (Claim No. 54486.) — Appeal from a judgment of the Court of Claims, entered December 13, 1973, which granted the State's motion to dismiss the claim and held that the claimant's exclusive remedy was under the applicable sections of the Workmen's Compensation Law. The claimant seeks to recover damages for the wrongful death of her husband, a State employee, who died as a result of an automobile accident on August 17, 1971. The accident occurred while the deceased was a passenger in a truck owned by the State Department of Correction and driven by a fellow State employee, Gerald Beach, whose negligence was admittedly the proximate cause of the deceased's death. Apparently believing Beach's testimony that the mishap occurred during an attempted delivery of tobacco to the Clinton Diagnostic and Treatment Center at Dannemora, the trial court determined that the deceased was acting in the course of his employment when he was killed, and, therefore, his wife's exclusive remedy for his death was under the Workmen's Compensation Law (Workmen's Compensation Law, § 29, subd. 6). This determination that the deceased was in the course of his employment at the time of his death involved questions of fact and credibility, and we cannot say on this record that the Trial Judge erred in his decision. Furthermore, even if we were to accept the claimant's contention that, on the night in question, the deceased was out for an evening of relaxation, his wife's remedy would still be under the Workmen's Compensation Law because he was traveling on State business requiring his absence from home for two or three days and there was no showing of any unreasonable activity on his part (cf. *Matter of Robards* v. *New York Div. Elec. Prods.*, 33 A D 2d 1067). Judgment affirmed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Main, JJ., concur.

■ ELLIS F. MORRIS, Respondent, v. W. A. DUNHAM, Appellant.— Appeal from an order of the Supreme Court at Special Term, entered February 14, 1974 in Saratoga County, which denied the defendant's motion to dismiss the plaintiff's complaint pursuant to CPLR 3012 (subd. [b]) and directed that the plaintiff's complaint be accepted. There is no showing on the present record of any justification or excuse for failing to serve a complaint until 25 months subsequent to the service of the summons. The affidavits submitted on the motion also fail to demonstrate that the action has merit. Order reversed, on the law and the facts, and complaint dismissed, without costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.