■ ALFRED DELIA, Respondent, v. RAMAPO GENERAL HOSPITAL et al., Defendants, and JOEL MANDEL, Appellant.— In a medical malpractice action to recover damages for personal injuries, defendant Mandel appeals from an order of the Supreme Court, Rockland County, entered December 19, 1973, which denied his motion to dismiss the action for failure timely to serve a complaint, pursuant to CPLR 3012 (subd. [b]).  Order reversed, with $20 costs and disbursements, and motion granted.  We view plaintiff's failure to serve his complaint during the 20 months between the demand therefor and defendant's motion to dismiss as constituting inordinate delay under the circumstances herein, and the excuse and affidavit of merits submitted in opposition to the motion as unsatisfactory.  Accordingly, it was an improvident exercise of discretion to deny the motion (*Wade* v. *Miele*, 34 A D 2d 656; *Gerson* v. *Finkelstein*, 29 A D 2d 552; *Schwartz* v. *National Fire Ins. Co. of Hartford*, 25 A D 2d 727).  Martuscello, Acting P. J., Latham, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of ELSA P. NEUBOURG et al., Respondents; v. M. MILTON GLASS et al., Constituting the Board of Standards and Appeals of the City of New York, Respondents, and ACME LAND CORP., Intervenor-Appellant.— On these appeals in a proceeding pursuant to article 78 of the CPLR to review a determination of the respondent Board of Standards and Appeals granting a variance to intervenor Acme Land Corp., this court made an order on April 2, 1973 (1) remanding the case to Special Term for the making of findings as to certain issues and (2) directing that the appeal be held in abeyance in the interim (*Matter of Neubourg* v. *Glass*, 41 A D 2d 833).  Special Term has since made an order dated September 12, 1973, containing the findings. The appeals are as follows: (1) Said intervenor appeals, as limited by its notice of appeal and its brief, from so much of an order of the Supreme Court, Richmond County, dated May 4, 1972, as annulled the determination and awarded costs against said intervenor; and (2) certain parties who sought to intervene as petitioners, Frank Ricciardi and others, cross-appeal from so much of the order as denied their motion to intervene.  Order affirmed insofar as appealed from, without costs.  In view of Special Term's findings, which we confirm, this proceeding was timely brought and this court must now consider the merits.  We have done so and we find Special Term's determination annulling the variance to be completely persuasive.  Hopkins, Acting P. J., Latham, Shapiro and Munder, JJ., concur.