■ CLARENCE A. FRANGIONE, as Administrator of the Estate of JEAN M. FRANGIONE, Deceased, Respondent, v EDWARD M. CORDASCO, Appellant.— Order unanimously reversed, without costs, motion granted and action dismissed. Memorandum: The record in this case fails to disclose any sufficient excuse for the delay of more than 20 months in service of a

complaint following a demand therefor. As we have stated in *Huether v Blad* (35 AD2d 774, 775), the " 'one asking for excuse for great delay in prosecution comes with a heavy burden of explanation *(Goldstein v Wickett,* 3 AD2d 135; *Walker v Ferri,* 5 AD2d 24; *Nicotera v Aliasso,* 22 AD2d 758; *Gino v Syracuse Mem. Hosp.,* 23 AD2d 964).' *(Hamilton v Dudley,* 27 AD2d 701)". In *Bamford v Kaunitz* (37 AD2d 682) we said: "Excuses such as those offered by plaintiff, which have been characterized as 'Law Office Failures', *(Sortino v Fisher,* 20 AD2d 25, 29) 'have been weighed in the balance many times and found wanting.' *(Goldberg v Soifer,* 30 AD2d 533, 534.) The excuse of illness of the attorney of record is also inadequate when it does not appear that the condition existed throughout the period of delay *(Alaimo v D & F Tr.,* 35 AD2d 776; *Jerge v Fuglewicz,* 36 AD2d 890)". The affidavit of merit submitted in opposition to the motion is unsatisfactory. *Delia v Ramapo Gen. Hosp.* (47 AD2d 522). On the record it was an improvident exercise of discretion to deny defendant's motion to dismiss the action, made pursuant to CPLR 3012 (subd. [b]). (Appeal from order of Erie Special Term in malpractice action.) Present—Moule, J. P., Cardamone, Simons, Goldman and Del Vecchio, JJ.