■ MARIE WALSH, Appellant, v MILTON T. SMITH, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered March 19, 1975 in Delaware County, which granted defendant's motion to vacate a default judgment taken against him. On April 16, 1973 plaintiff instituted this action by service of a summons, and on May 17 a complaint was served alleging a number of contract and tort causes of action, arising out of $20,000 allegedly given to defendant in 1963. After motions by defendant to dismiss plaintiff's first complaint proved unsuccessful, plaintiff served an amended complaint on August 1, 1973. Defendant attempted to answer on September 17, 1973, but plaintiff's counsel rejected and returned this pleading, which was 27 days late, as untimely. A default judgment was entered on December 3, 1973. The within motion to vacate the default judgment was made within one year of its entry pursuant to CPLR 5015 (subd [a], par 1). Special Term granted the motion, finding an excusable default and meritorious defenses including the Statute of Frauds and the Statute of Limitations. On review of the record, we find no abuse of discretion. Order affirmed, without costs. Greenblott, J. P., Sweeney, Larkin and Reynolds, JJ., concur; Kane, J., dissents and votes to reverse in the

following memorandum. Kane, J. (dissenting). On this appeal we are concerned with more than the mere question of the discretion of a court to grant a motion to vacate a default judgment. Here, the order appealed from resulted from the denial of the second motion to open the same default, made by a different attorney, upon a different theory. Defendant's original attorney first moved to open this default judgment on December 21, 1973 upon the ground that it was entered in the wrong county. He was in error and that motion was denied on February 7, 1974. The successor attorney made the instant motion on November 19, 1974, this time alleging new facts asserting the default was excusable. Under these circumstances, the motion was properly denominated a motion to renew (CPLR 2221). Accordingly, it necessarily follows that in order to succeed upon a motion to renew, there must be a showing why the proof now adduced was not brought forth at the earlier date. In this case the only reasons offered are that defendant's original counsel chose not to bring the "additional facts" to the attention of the court and that defendant personally was not aware of the necessity to do so. The so-called "additional facts" offered to suggest excusable default and provide a meritorious defense are the Statute of Frauds and Statute of Limitations. It stretches credulity to accept the proposition that such defenses were unknown at the outset of this litigation and that, now discovered, they supply an adequate reason to trigger the exercise of the court's discretion to effectuate the relief presently sought. The defendant selected his counsel in the first instance and is bound by his acts or failures (*Bamford v Kaunitz*, 37 AD2d 682, app dsmd 29 NY2d 672; *Greenwald v Zyvith*, 23 AD2d 201). I would reverse the order appealed from and deny the motion.