■ BEACON TERMINAL CORPORATION, Appellant, v CHEMPRENE, INC., Respondent.—In an action to recover moneys due under a lease, plaintiff appeals from so much of an order of the Supreme Court, Dutchess County, dated July 28, 1975, as denied that branch of its motion which sought summary judgment. Order affirmed insofar as appealed from, with $50 costs and disbursements. The language of the lease is ambiguous and defendant's affidavits raise factual issues concerning the intent of the parties in the execution of the lease. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ ABRAHAM BERNSTEIN, Appellant, v CURRAN COONEY PENNY AGENCY, Respondent, et al., Defendant.—Order of the Supreme Court, Nassau County, dated March 24, 1975, affirmed, without costs. The examination before trial shall proceed at a time and place to be fixed in a written notice of not less than 10 days, to be given by plaintiff, or at such time and place as the parties may agree. Under the circumstances of this case, Special Term properly held that plaintiff was not entitled to a default judgment. The examination before trial should be held expeditiously and the trial should proceed promptly. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.

■ WARREN BOCK, an Infant, by His Father and Guardian, IRVING BOCK, et al., Respondents, v BOARD OF EDUCATION OF THE CITY OF NEW YORK et al., Appellants.—In a negligence action to recover damages for personal injuries, etc., defendants appeal from an order of the Supreme Court, Queens County, entered June 18, 1975, which (1) granted plaintiffs' motion for an extension of time within which to serve the complaint and (2) denied defendants' cross motion to dismiss the action. Order reversed, on the law, with $50 costs and disbursements, motion denied, cross motion granted, and action dismissed. The plaintiffs' failure to serve a complaint during the 46 months between the service of a notice of appearance on behalf of defendants and a demand for a complaint and plaintiffs' original motion for an extension of time constituted inordinate delay under the circumstances presented. Further, the excuse offered and the affidavit of merits are inadequate. Accordingly, it was an improvident exercise of discretion to grant plaintiffs an extension of time (see *Delia v Ramapo Gen. Hosp.,* 47 AD2d 522; *Simons v Sanford Plaza,* 44 AD2d 710; *Greenwald v Zyvith,* 23 AD2d 201). Gulotta, P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■ CHEMICAL BANK, Successor to Security National Bank, Respondent, v JOAN G. VAN DE MAELE, Appellant.—In an action on a promissory note, defendant appeals from an order of the Supreme Court, Nassau County, entered October 15, 1975, which denied her motion for summary judgment. Order affirmed, with $50 costs and disbursements. Triable issues of fact exist as to whether (1) defendant is estopped from raising the defense of usury and (2) her actions constituted a waiver of such defense. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.