■ GEORGE LYNCH, SR., as Administrator of the Estate of MATTHEW A. LYNCH, Deceased, Appellant, v ALBANY MEDICAL CENTER HOSPITAL, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered April 10, 1975 in Albany County, which, among other things, denied plaintiff's motion to be relieved of the default judgment dismissing his complaint. The underlying action herein arose out of an incident on or about July 26, 1969 when the decedent, Matthew Lynch, fell from his bed in defendant hospital and fractured his hip after being left unattended by a private duty nurse responsible for his care. He subsequently died in September, 1971, and the present action was commenced by service of summons on December 13, 1972. Although a notice of appearance and demand for the complaint was served by attorneys for defendant on December 22, 1972, the complaint was not received by defendant until more than 20 months later on August 28, 1974, whereupon, on August 30, 1974, its attorneys returned the complaint to plaintiff's attorney as untimely served and moved pursuant to CPLR 3012 for an order dismissing the complaint for plaintiff's failure to prosecute. Special Term granted the motion to dismiss, and there followed the instant motion by plaintiff which was denied as noted above. We agree with the actions of Special Term. Since plaintiff's suit was commenced over three years after the mishap in question and over one year after decedent's death, the first cause of action in negligence for personal injury is barred by the Statute of Limitations (CPLR 214, subd 5; CPLR 210, subd [a]), as is the third cause of action which, although nominally a contract action, is similarly grounded in negligence *(Schmidt v Merchants Desp. Transp. Co.,* 270 NY 287, mot for rearg den 271 NY 531; 35 NY Jur, Limitations and Laches, § 35). With regard to the remaining cause of action to recover expenses allegedly incurred by plaintiff as a result of defendant's negligence, only a minimal excuse was offered by plaintiff's attorney for the inordinate delay in the service of the complaint and, accordingly, we affirm the

dismissal thereof (cf. *Johnson v Johnson,* 45 AD2d 899). Order affirmed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.