Order unanimously reversed, without costs, and defendant’s motion granted. Memorandum: Defendant appeals from an order denying his motion to dismiss the action for failure to prosecute pursuant to CPLR 3012 (subd [b]) and granting plaintiff’s cross motion to compel defendant to accept service of the complaint. In December, 1973 plaintiff commenced this medical malpractice action by service of a summons and defendant timely responded with a notice of appearance and demand for a complaint. No further pleading was served until April, 1975 when defendant moved to dismiss. While plaintiff may have a meritorious cause of action we cannot agree that the 16-month period of delay is excusable. Special Term accepted plaintiff’s contentions that the time needed to obtain medical information, physicians’ reports, records of drug purchases, hospital records and a physician to testify on his behalf justified the delay. However, subsequent to the Special Term decision, we held in Rabetoy v Atkinson (49 AD2d 691, app dsmd 37 NY2d 803) that the complexities and difficulties associated with the preparation and litigation of medical malpractice actions are insufficient reasons, standing alone, to excuse a substantial period of delay in serving a complaint. This applies absent unusual factors and a genuine showing of continuous activity in the preparation of the case (cf. Warner v Crouse-Irving Mem. Hosp., 52 AD2d 728). Plaintiff additionally contends that he complied with a request from defendant’s insurance carrier in authorizing *754 its representative to inspect his medical and hospital records and that he exchanged hospital records with the carrier. Although he states that "several months” passed while this was accomplished, the record is void of underlying circumstances or details regarding this subject. Assuming that this activity may be properly characterized as settlement negotiation, such an excuse for delay "ceases to have effect within a brief interval after the last communication” (Sortino v Fisher, 20 AD2d 25, 29). In the absence of facts concerning the period of communication and since it does not appear that the communications occurred throughout the period of delay (cf. Frangione v Cordasco, 47 AD2d 996), we are unable to conclude that plaintiff has met the "heavy burden of explanation” which is cast upon him (Hamilton v Dudley, 27 AD2d 701). (Appeal from order of Monroe Supreme Court—dismiss action.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.