■ MELINDA B. RITCHIE, Plaintiff, v JOHN H. GABLER, Defendant. MELINDA B. RITCHIE, Respondent, v FREDERICK H. GRABO, Appellant.—Order unanimously reversed, without costs, defendant's motion granted and action dismissed, Simons, J., not participating. Memorandum: Defendant Grabo appeals from so much of an order as denied his motion under CPLR 3012 (subd [b]) to dismiss the action for failure of plaintiff to serve a complaint. No appeal is taken from that part of Special Term's order which granted the motion of defendant Gabler and dismissed the action as against him. This suit was commenced on November 14, 1974 by service of a summons upon the defendant Grabo. He failed to appear timely, but a stipulation dated January 3, 1975, extending his time to appear until February 3, 1975, was executed by plaintiff's counsel. Defendant then served his notice of appearance within the extended period. Any delay occasioned to that point from the date the action was instituted was directly attributable to the defendant (see *Sortino v Fisher,* 20 AD2d 25, 31). Plaintiff, however, did not attempt to serve a complaint until October 29, 1975, and then only after defendant had instituted this motion to dismiss. Defendant's attorneys rejected service of the complaint. Defendant performed an abortion upon plaintiff on November 12, 1971. Two days later plaintiff was informed that the abortion was unsuccessful, that she was pregnant in her right fallopian tube which had ruptured, and that additional surgery for the removal of the fallopian tube was required. That surgery was performed by defendant, and plaintiff was released from the hospital on November 19, 1971. Complications developed and plaintiff was advised by another physician on January 7, 1972 that she had contracted hepatitis from blood transfusions which had been ordered by defendant while she was hospitalized. She now complains, *inter alia,* that the hepatitis and the loss of her right fallopian tube were caused by the negligence of defendant, and that her capability to become pregnant again has been lessened. This action was not instituted until

almost three years after the plaintiff became aware of claimed acts of negligence by the defendant. While she may have a meritorious cause of action, she fails to show that the delay of nine months in serving her complaint was excusable (cf. *Solomon v Perkins,* 52 AD2d 753). There is no fixed time period in which delay becomes unreasonable and thus inexcusable. Each case must be determined on its own facts, but before the harsh remedy of dismissal should be imposed, the delay must be deemed "substantial" *(Sortino v Fisher, supra,* p 28). In determining whether the particular period of delay complained of is substantial, we properly consider that period of time between the date the cause of action accrued and the date the action was begun *(Sortino v Fisher, supra,* p 28). The conclusion is inescapable that plaintiff's claim has not been diligently pursued and the delay in serving the complaint is substantial. In these circumstances, the plaintiff must meet a "heavy burden of explanation" to justify her dilatory conduct *(Hamilton v Dudley,* 27 AD2d 701). Despite an attempt to do so, plaintiff wholly fails to demonstrate ongoing settlement negotiations which might support the delay *(Sortino v Fisher, supra,* p 29), and the reasons advanced for the failure to serve the complaint constitute law office failure which we repeatedly have held is insufficient to excuse delay *(Solomon v Perkins, supra; Newell v Makhuli,* 50 AD2d 1060; *Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803; *McIntire Assoc. v Glens Falls Ins. Co.,* 41 AD2d 692). (Appeal from order of Oneida Supreme Court—dismiss action.) Present —Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.