■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST ABARNATHY, Also Known as ERNEST WASHINGTON, Appellant.—Judgment insofar as it imposes sentence on the conviction for burglary, second degree, unanimously modified, as a matter of discretion, in the interest of justice, by reducing the sentence to a term of zero to seven years and otherwise judgment affirmed. (Appeal from judgment of Erie County Court—burglary, second degree, etc.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WASHINGTON, Appellant.—Judgment insofar as it imposes sentence on the conviction for burglary, second degree, unanimously modified, as a matter of discretion, in the interest of justice by reducing the sentence to a term of 3 to 10 years and otherwise judgment affirmed. (Appeal from judgment of Erie County Court—burglary, second degree, etc.) Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.

■ GAIL COONS, Respondent, v AFTER DARK IN ROCHESTER, Appellant.— Order unanimously reversed, without costs, motion granted and action dismissed. Memorandum: This libel action was commenced by service of a summons on September 9, 1975. Defendant appeared on September 14, 1975 and demanded a complaint. Plaintiff did not serve a complaint until March 15, 1976, and then only after defendant had instituted this motion to dismiss pursuant to CPLR 3012 (subd [b]). Defendant appeals from an order denying its motion and directing it to accept service of plaintiff's complaint. The burden of explaining this dilatory conduct rests upon the plaintiff. (Hamilton v Dudley, 27 AD2d 701.) The only explanation offered to support the long delay in serving the complaint was difficulty in investigation, inadequate secretarial help and the fact that the case had been referred to plaintiff's present attorney after service of the summons, but there is no indication as to when this referral took place. These factors constitute law office failure and as such are insufficient to excuse the delay (Ritchie v Gabler, 55 AD2d 847; Solomon v Perkins, 52 AD2d 753; Rabetoy v Atkinson, 49 AD2d 691, app dsmd 37 NY2d 803; McIntire Assoc. v Glens Falls Ins. Co., 41 AD2d 692). Furthermore, plaintiff's motion must fail because of lack of showing of a meritorious cause of action. Special Term pointed out that service of the complaint was untimely and the excuses offered for the delay were flimsy, stating that its only reason for denying the motion was because plaintiff's suit would otherwise be barred by the Statute of Limitations. Special Term's conclusion that defendant's motion should be denied solely on that ground was in error. (Appeal from order of Monroe Supreme Court —dismiss action.)—Present—Marsh, P. J., Moule, Cardamone, Goldman and Witmer, JJ.