■ JOSEPH T. JONES, JR., an Infant, by His Mother and Natural Guardian, GERALDINE JONES, et al., Respondents, v COUNTY OF RENSSELAER, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered April 14, 1977 in Rensselaer County, which denied a motion to dismiss plaintiffs' action on account of the failure of the plaintiffs to serve their complaint pursuant to CPLR 3012 (subd [b]). The action arises out of an alleged single car accident occurring on September 24, 1973 on Snyder's Lake Road in the Town of North Greenbush, County of Rensselaer, New York. A notice of claim was filed on November 29, 1973, followed by a summons on March 9, 1974. On March 25, 1974 defendant served a notice of appearance and demand for complaint, but no complaint was served. On December 10, 1976, after a delay of over two years and eight months, defendant moved pursuant to CPLR 3012 (subd [b]) to dismiss the action for failure to serve a complaint. In his affidavit in opposition to the motion, the infant plaintiff alleged that while he was operating his automobile on an "unlighted" road in the County of Rensselaer, "suddenly and without any notice or warning", he "drove his said vehicle into an excavated area across said highway, causing substantial damages to his vehicle * * * and additionally thereto sustained personal injuries to his neck and back, shoulders and legs". He further contends that there was an "absence of any signals or warning devices" at the scene of the accident. His attorney attempts to justify the inordinate delay in serving the complaint by explaining that "through inadvertence, this matter was not pulled on diary for the purpose of serving a Complaint herein". He also avers that he "has had periodic discussions with the insurance representatives of the said defendant and

neither your deponent nor the infant plaintiff had any intention of abandoning the infant's claim." We are constrained to reverse the order of Special Term in view of the inordinate delay of over two years and eight months in serving a complaint, coupled with the failure to offer any valid excuse for the delay *(Lynch v Albany Med. Center Hosp.,* 52 AD2d 653; *Morris v Dunham,* 46 AD2d 717; *Johnson v Johnson,* 45 AD2d 899). The excuse of "inadvertence" offered by plaintiffs' counsel constitutes law office failure which has consistently been rejected in New York *(Frangione v Cordasco,* 47 AD2d 996; *Sortino v Fisher,* 20 AD2d 25). Plaintiffs' reliance on the excuse that settlement negotiations had continued during the period of delay is also without merit. The record fails to indicate that any serious settlement negotiations took place during that period *(McNamara v Hutchinson,* 33 AD2d 26). We must conclude that there was an inadequate basis for the exercise of judicial discretion on the part of Special Term. Order reversed, on the law and the facts, without costs, motion granted and action dismissed. Greenblott, J. P., Sweeney, Kane, Mahoney and Herlihy, JJ., concur.