■ RICHARD T. KINNEAR, as Receiver in Bankruptcy for EASTERN MOTEL ASSOCIATES AND SKB, INC., Respondent, v GUIDO D. IACOVELLI, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered October 12, 1978 in Broome County, which denied defendant's motion to dismiss the action. The issue presented is whether defendant's motion for an order dismissing the action pursuant to CPLR 3012 (subd [b]) should have been granted. On December 28, 1976, plaintiff commenced this action by serving a summons with notice which expressly demanded $20,000, with interest from January 1, 1975, for the cost of water and other utilities provided to defendant. On January 10, 1977, defendant appeared by his attorneys and demanded service of the complaint, which, however, did not occur until August 9, 1978, some 18 months later. Defendant returned the complaint and moved for dismissal of the action which Special Term denied. As recently explained by this court, where the delay in serving the complaint is greater than a few days, "the failure to serve is a dismissable default unless the motion is successfully met by a satisfactory excuse and an affidavit of merits" *(Hanley v Callanan Inds.,* 60 AD2d 706). Plaintiff's attorney attempts to excuse the delay in serving the complaint upon the ground that the law firm which represented plaintiff experienced a "change of personnel" and it was "assumed" that the outgoing member of the firm had requested an extension of time to serve the complaint. It is settled,

however, that delay resulting from law office failures is insufficient to defeat the motion to dismiss (see, e.g., *Jones v County of Rensselaer,* 59 AD2d 982; *Sinder v 345 Cypress Realty Corp.,* 34 AD2d 777; *Carroll v Estron Realty Corp.,* 31 AD2d 903). We also reject the contention of plaintiff's attorney that the long delay was excusable since preparing the complaint required extensive examination of utility records *(Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803). Order reversed, on the law and the facts, without costs; motion granted, and action dismissed. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.