■    RONALD B. CHARLES et al., Appellants, v JOHN S. PARAZYNSKI et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered October 26, 1978 in Warren County, granting defendant's motion to vacate a default judgment. On May 24, 1976 plaintiffs and defendants executed a binder agreement for the purchase of certain real property owned by defendants, which agreement provided that "This binder is contingent on superseding contract to follow, including all phases of sale as agreed". At the time the binder was executed, plaintiffs paid defendants the sum of $6,000 as a deposit. The transaction was never completed and on December 6, 1976 plaintiffs commenced this action to recover the $6,000 paid to defendants by personal service of a summons with notice on each of the defendants. Defendants appeared in the action on December 9, 1976 by James J. Tarantino, Esq. Plaintiffs' verified complaint was served on defendants' attorney on May 17, 1977. No answer was filed on behalf of defendants as of July 21, 1977, and on that date plaintiffs' attorney directed a letter to defendants' attorney which recited as follows: "I would appreciate receiving your answer in the above captioned action so that this case might be resolved at the next term of court. If I do not hear from you within the next ten days, then I intend to file a note of issue and move for a judgment." No answer to the complaint was served and on September 13, 1977 a default judgment in favor of plaintiffs was entered in the Warren County clerk's office. Defendants' depositions as judgment debtor were taken on January 20, 1978, pursuant to the subpoenas served on each of the defendants. On March 10, 1978 a property execution was returned by the Saratoga County Sheriff fully satisfied in the amount of $6,696.32, which was exclusive of the Sheriff's poundage, fees and disbursements, which funds had been seized by the Sheriff from the bank account of defendants. Thereafter, defendants moved by order to show cause, issued on March 14, 1978, to vacate the default judgment entered in favor of plaintiffs. On May 15, 1978, Special Term rendered its decision vacating the default judgment and the order thereon was entered on May 22, 1978. Thereafter, plaintiffs moved for reargument or resettlement and on October 24, 1978 Special Term issued an order modifying the prior order of May 18, 1978, the latter order being entered in the Warren County clerk's office on October 26, 1978. The within motion to vacate the default judgment was made within one year of its entry, pursuant to CPLR 5015 (subd [a], par 1). Special Term granted the motion, finding that defendants have a meritorious defense and that their default was not willful. On review of the record, we find no abuse of discretion (Machnick Bldrs. v Grand Union Co., 52 AD2d 655; Walsh v Smith, 50 AD2d 997; cf. McNamara v Hutchinson, 33 AD2d 26). Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Mikoll and Herlihy, JJ., concur.