(January 19, 1989)

■ TIMOTHY LONESOME, an Infant, by His Mother and Natural Guardian, ADRIEN L. COLEMAN, et al., Respondents, v ANGEL GUARDIAN HOME et al., Appellants.—Order, Supreme Court, Bronx County (Harold Tompkins, J.), entered June 1, 1987, which denied the motion of defendants-appellants, The Angel Guardian Home *et al.,* for a final order of preclusion and for dismissal of plaintiffs' complaint, unanimously reversed, on the law, the facts and in the exercise of discretion, the motion granted and the complaint dismissed, without costs.

This action by the infant plaintiffs, Timothy and Thomas Lonesome, for personal injuries allegedly sustained in various foster homes, and their mother, Adrien Lonesome Coleman, for derivative damages, was commenced in April of 1982. Issue was joined and a demand for a bill of particulars was served on July 8, 1982. In response to the demand, the plaintiffs moved for discovery of certain records in the possession of The Angel Guardian Home. After an in camera inspection of these records, the plaintiffs' motion to produce was denied by order entered on or about April 5, 1983.

No further steps were taken by the plaintiffs to comply with defendants' demand for a bill of particulars and on January 4, 1985, upon plaintiffs' default, a 20-day conditional preclusion order was granted. No attempt was made by the plaintiffs to comply with that order and on January 14, 1986, again upon plaintiffs' default, a second 20-day conditional preclusion order was granted. More than a year later, on April 24, 1987, defendants moved for a final order of preclusion and for

dismissal of plaintiffs' complaint. On May 26, 1987, defendants were served, at long last, with the requested bill of particulars.

In the absence of exceptional circumstances *(see, Dent v Baxter,* 37 AD2d 908), such extraordinary delay and neglect as found herein can neither be condoned nor overlooked. *(See, Walker v Ferri,* 5 AD2d 24, 25.) In that regard, plaintiffs' proffered explanation for the delay, that much of the information sought by the bill of particulars was already within the knowledge and exclusive control of defendants, is unavailing, since "[t]he granting of a bill of particulars depends upon what the aggrieved party claims the facts are, and not upon the adversary's knowledge thereof, nor upon the actual facts." *(Solomon v Travelers Fire Ins. Co.,* 5 AD2d 1017.) In any event, the record clearly indicates that the plaintiffs had in their possession most of the information needed to respond to defendants' demand long before the demand was made.

In view of plaintiffs' failure to demonstrate an excuse proportionate to their neglect in complying with defendants' demand and the two conditional preclusion orders, it was an improvident exercise of discretion to deny defendants the relief sought.

Accordingly, we reverse and grant defendants' motion for a final order of preclusion and for dismissal of the complaint. Concur—Murphy, P. J., Kupferman, Carro, Asch and Smith, JJ.