■ CARMEN T. DATTORIA, Respondent, v FRANCES M. DATTORIA, Appellant.—Harvey, J. Appeals (1) from that part of an order of the Supreme Court (Ingraham, J.), entered April 25, 1989 in Broome County, which, *inter alia,* conditionally granted defendant's motion to dismiss the complaint pursuant to CPLR 3012 (b), and (2) from an order of said court, entered June 12, 1989 in Broome County, which, *inter alia,* denied defendant's motion for summary judgment dismissing the complaint.

The parties to this action were married in January 1951 and have four emancipated children. The record demonstrates that the parties have not lived together since approximately 1977. Defendant lives in the marital home. Since the separation, defendant has commenced one action for divorce on the ground of cruel and inhuman treatment and plaintiff has commenced two others, one on the ground of cruel and inhuman treatment and the other for constructive abandonment. All of these actions were either abandoned or dismissed. This latest action for divorce was commenced by plaintiff on October 3, 1988 by service of a summons with notice. The stated ground for the action was again cruel and inhuman treatment. On October 14, 1988, defendant filed a notice of appearance and written demand for the complaint and a copy of plaintiff's net worth statement. Plaintiff failed to timely serve either document and, on November 9, 1988, defendant's counsel again demanded service of the complaint and net worth statement. Thereafter, while the record indicates that there were some initial attempts by the parties to reach a settlement, there is no indication that this possibility was actively pursued.

Accordingly, on January 20, 1989, a written demand for the complaint and statement was sent to plaintiff. With no response forthcoming, defendant filed a motion to dismiss on March 1, 1989 on the grounds of failure to serve a complaint *(see,* CPLR 3012 [b]) and failure to serve a net worth statement. Plaintiff cross-moved for leave to serve a late complaint. Supreme Court, without opinion, conditionally granted defen-

dant's motion to dismiss unless plaintiff served a complaint on or before March 31, 1989. The court also awarded defendant a conditional penalty relating to the service of plaintiff's statement of net worth, denied defendant's request for costs, counsel fees and sanctions, and ordered plaintiff to pay defendant $150. Plaintiff thereafter served his complaint on April 1, 1989. Defendant answered and moved principally for summary judgment. Supreme Court, without opinion, declined to dismiss the complaint but ordered, among other things, that defendant be paid $1,000 in interim counsel fees. Defendant now appeals from the first order conditionally allowing plaintiff to serve a late complaint and denying counsel fees and sanctions. She also appeals from the court's second order denying summary judgment and awarding interim counsel fees in the amount of $1,000.

Initially, we agree with defendant that Supreme Court abused its discretion in conditionally allowing plaintiff to serve a late complaint and not dismissing it outright pursuant to CPLR 3012 (b). This court has held in the past that the failure to serve a timely complaint is generally dismissible default unless "the motion is successfully met by a satisfactory excuse and an affidavit of merits" (Hanley v Callanan Indus., 60 AD2d 706; see, Kinnear v Iacovelli, 70 AD2d 675). Here, the papers submitted by plaintiff on the motion are wholly deficient in both respects. No satisfactory or credible excuse for the delay is offered in either plaintiff's or his counsel's affidavits. As for any underlying merit to the divorce action, plaintiff merely refers to events which occurred prior to the couple's separation in 1977 which are now barred by the five-year Statute of Limitations contained in Domestic Relations Law § 210. The remaining allegations are vague, conclusory or boil down to plaintiff's claim that defendant was "hostile" the few times they met and called him names. Even if true, these allegations do not rise to the level of cruel and inhuman treatment so endangering plaintiff's physical or mental well-being so that it would be unsafe or improper for him to cohabit with defendant (Domestic Relations Law § 170 [1]), particularly inasmuch as the parties have not cohabited in more than 10 years. In addition, when the complaint was ultimately served (a day late) it echoed those same meritless allegations.

Accordingly, in the absence of any merit or satisfactory excuse, we reverse Supreme Court's order allowing a complaint to be served and conditionally granting defendant's motion. Since the action is dismissed, the $150 sanction plaintiff

was to have paid to defendant in connection with acceptance of the complaint will also be reversed and we decline to impose additional sanctions. However, we also note that although defendant's appeal from Supreme Court's second order must be dismissed as academic, we do so with full acknowledgment that the award of $1,000 in interim counsel fees to defendant pursuant to Domestic Relations Law § 237 will thereby stand. The record demonstrates that defendant could ill afford to defend this lawsuit and plaintiff should rightfully bear some of the cost.

Order entered April 25, 1989 reversed, on the law, with costs, and motion for dismissal of the action pursuant to CPLR 3012 (b) granted.

Appeal from order entered June 12, 1989 dismissed, as academic. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.