### BURNS v. MEISTER.

(Supreme Court, Appellate Division, Second Department. December 2, 1910.)

1. PLEADING (§ 40*)—DELAY IN SERVING COMPLAINT—BURDEN OF PROOF TO SHOW REASONABLE CAUSE.

   Where, in an action for injuries, the complaint served in February, 1905, was returned because not served in time, and no other proceedings were had in the case until June, 1910, when motion was made for leave to serve a complaint, the burden of proof was on the plaintiff to show reasonable excuse for the delay.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 91–95; Dec. Dig. § 40.*]

2. DISMISSAL AND NONSUIT (§ 58*)—GROUNDS—DELAY IN SERVING COMPLAINT.

   In an action for injuries, the complaint, which was served in February, 1905, was returned as not being served in time, and thereafter nothing was done in the case until June, 1910, when plaintiff moved for leave to serve his complaint. In the meantime one of defendant's witnesses, who was thoroughly familiar with the boiler which caused the injury, had died, and another employé, on whose testimony defendant intended to rely, could not be found after diligent search. Held that, though the delay was not the fault of plaintiff herself, she having been unable to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

find out from her former attorney, until recently, what was done with the case, yet it was too late to serve a complaint, as it would work injustice to defendant, and the case should be dismissed.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 135; Dec. Dig. § 58.*]

Appeal from Special Term, Kings County.

Action for injuries by Mary R. Burns against William Meister. From certain orders, the defendant appeals. Reversed, and motion requesting leave to serve a complaint denied.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and THOMAS, JJ.

Andrew G. Loomis, for appellant.
A. C. Cass, for respondent.

JENKS, J. A summons was served on April 19, 1904. The defendant, within 20 days thereafter, appeared and demanded a copy of the complaint. The attorney for defendant deposes that in February, 1905, an unverified complaint was served, which was duly returned because it was not served in time, and that no other proceedings were had herein until June, 1910, when plaintiff moved for leave to serve a complaint. The burden of proof was upon the plaintiff to satisfy the court that there was a reasonable excuse for this delay. Martin v. McCurdy, 120 App. Div. 665, 105 N. Y. Supp. 474. There was no reasonable excuse given. The plaintiff deposes that she was never able to find out from her former attorney, until recently, what was done with the case; that she went to see him many times, when he told her that he was waiting for "a decision in the Court of Appeals," and she asserts that the delay was not through her fault. But the difficulty is that this is not a controversy between her and her attorney over this delay, but between her and the other party to the action.

The action is by servant against master to recover for negligence whereby the cylinder of a boiler burst. The defendant deposes that his former employé, Hager, whose work was about the boiler, and who was thoroughly familiar with its condition at the time of the accident, died 14 months ago; that he cannot now find Bachman, another employé, who was present at the time of the accident, and who was familiar with the facts, although he has made diligent efforts to find him, which are detailed in his affidavit; and that the same condition is true as to his former foreman, Eisenhuber, who was fully acquainted with the condition of the cylinder, and came immediately upon the scene of the accident, and who was in his employ within a year; and there are presented other reasons more or less cogent why the prosecution of this action, after this delay of years, would be a hardship upon the defendant. It is the plaintiff's misfortune that her case has grown so stale; but it would be the misfortune of the defendant if, after this lapse of time for which he is in no part responsible, he were brought into court, deprived of several of the witnesses upon whom he relied for exculpation. The

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

courts cannot, out of sympathy for one litigant, work injustice to the other.

The orders are reversed, with $10 costs and disbursements, the motion granting leave to serve a complaint is denied, with costs, and the cross-motion for a dismissal of the complaint is granted, with costs. All concur.