■ Guiseppe Lucenti, as Administrator of the Estate of Thomas Lucenti, Deceased, Respondent, v. City of Buffalo, Appellant.— Order unanimously affirmed, without costs. Memorandum: This action was commenced by the service of a summons on September 22, 1964. Defendant appeared on September 25, 1964 and demanded service of the complaint. Plaintiff defaulted in pleading by failure to serve the complaint within 20 days thereafter and defendant thereupon became entitled to an order dismissing plaintiff's action. (CPLR 3012.) On February 8, 1967 defendant moved for such an order. Its motion papers stated facts sufficient to obtain relief under CPLR 3012 but its notice of motion asked for dismissal pursuant to CPLR 3216. Courts are not bound by a party's characterization of its motion (*Thomas* v. *Melbert Foods*, 19

N Y 2d 216, 221) and "Although the defendant * * * moved to dismiss the complaint for lack of prosecution [its] motion * * * was in fact one to dismiss the action for failure to serve a complaint". (*Waldron* v. *Ward* 24 A D 2d 470.) While the motion was pending, however, defendant retained a complaint served upon it by plaintiff and the complaint is included in the record on this appeal certified as a paper material to the appeal by both parties. Its retention of the complaint was a waiver of the untimely service thereof and deprived defendant of the right to relief under CPLR 3012 (*Rogers* v. *Rockwood* 59 Hun 628, 13 N. Y. S. 939, 36 N. Y. St. Rep. 919; 71 C. J. S. Pleading, § 563, subd. e; 49 C. J. Pleading, § 1232, subd. e; 14 Am. Jur., Courts, § 192; cf. *Graziano* v. *Albanese*, 24 A D 2d 712; *Wakschal* v. *Century Estates*, 10 A D 2d 891; *Burns* v. *Meister*, 141 App. Div. 674). (Appeal from order of Erie Special Term, denying motion to dismiss summons.) Present — Bastow, J. P., Goldman, Del Vecchio, Marsh and Henry, JJ.