■ KENNETH C. WILKENING, an Infant, by KENNETH J. WILKENING, His Father and Natural Guardian, et al., Respondents, v. EDWARD R. FOGARTY, Appellant. RONALD J. JAFFE et al., Defendants.— In an action to recover damages, defendant Fogarty appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated December 8, 1971, as (1) denied his motion to dismiss the action for failure to timely serve a complaint and (2) granted the surviving plaintiff's cross motion (a) for permission to "re-serve" the complaint containing two causes of action, for wrongful death and for conscious pain and suffering, due to medical malpractice, and (b) to amend the title of the action to indicate that Kenneth J. Wilkening is the sole plaintiff, individually and as administrator of the estate of his deceased son. The action was commenced by service of the summons without a complaint before the death of the deceased. Order reversed insofar as appealed from, on the law and in the exercise of discretion, with $10 costs and disbursements, defendant Fogarty's motion granted and cross motion denied. For having failed to serve the complaint within 20 days after appellant's demand therefor, plaintiffs were in default (CPLR 3012, subd. [b]; Salinger v. Hollander, 19 A D 2d 559). On March 31, 1971 — almost 30 months after the service of the summons — the surviving plaintiff's attorney served a complaint, which was promptly returned by defendant Fogarty. Fogarty then made his motion to dismiss for failure to timely serve a complaint. In our opinion, the papers in opposition to the motion failed to present a reasonable excuse for the delay. Furthermore, there was no affidavit of merits. Accordingly, the motion should have been granted (Burke v. City of New York, 18 A D 2d 898; Cronin v. City of New York, 18 A D 2d 995). Hopkins, Acting P. J., Martuscello, Latham and Brennan, JJ., concur; Benjamin, J., dissents in part and concurs in part and votes (a) to affirm so much of the order as denied defendant Fogarty's motion to dismiss the action, (b) to reverse so much of the order as amended the title of the action and directed service of a complaint including a cause of action for wrongful death and (c) to deny plaintiff's cross motion for that relief, with the following memorandum: The infant plaintiff, Kenneth Charles Wilkening, was born on March 1, 1967 at Good Samaritan Hospital. The doctor who delivered him was defendant Fogarty. Kenneth Charles allegedly sustained severe brain damage during the delivery, and on September 25, 1968 his father, as guardian, instituted this action, for malpractice and negligence, against Dr. Fogarty, the hospital and others. The action was started by the service of a summons, without a notice as to the nature of the action, and without a complaint; plaintiffs' then attorney was one Herbert Slater, Esq. In October, 1968 defendants served notices of appearance and demands for a complaint. On January 2, 1969 (almost two years after his birth) the infant plaintiff died, and letters of administration were issued to his father in July, 1970. At some undisclosed time, one John O'Neill, Esq., was substituted as attorney for plaintiffs. He experienced some delays in obtaining the hospital records in the case, but finally got them, and in January, 1971 he sent them to a medical expert for appraisal. On March 31, 1971 O'Neill mailed a complaint to Fogarty's attorney, with a covering letter stating that he was discontinuing the action against all defendants except Fogarty. This complaint, unlike the summons served about 30 months earlier, named only Fogarty as a defendant and was entitled as an action for conscious pain and suffering and for wrongful death; and it contained separate causes of action for such relief. On April 7, 1971 Fogarty's attorney rejected the complaint,

saying that he had never appeared in an action with that title. On May 17, 1971 defendants Fogarty and Mooney moved to dismiss the action bearing the same title as the summons, on the ground of a 30-month delay in serving the complaint; on May 28, 1971 the hospital joined in that motion. In opposition, O'Neill discussed the delay in obtaining the medical records and procuring an expert to appraise them; he said that the expert had advised him that he had a good case only against Fogarty and should discontinue as against the other defendants; and he cross-moved to discontinue against all defendants except Fogarty, to amend the title to name the administrator of the deceased infant's estate as plaintiff in place of the infant himself, and for an extension of time to serve the complaint, including a cause of action for wrongful death. Special Term denied Fogarty's motion to dismiss the action, granted the other defendants' motions to dismiss it as against them, and granted the surviving plaintiff's cross motion to amend the title and to extend his time to serve the complaint, including a cause of action for wrongful death. The majority of this court is reversing and granting defendant Fogarty's motion to dismiss the action and is also denying the cross motion for leave to serve an amended complaint containing a cause of action for wrongful death. I agree that leave to serve a complaint including a wrongful death cause should be denied, but I disagree with the majority's conclusion that the action should be dismissed as to defendant Fogarty. The original summons, served in September, 1968 did not contain a notice as to the nature of the action or the occurrence on which it was based; its title was not that of a wrongful death action, but merely that of an ordinary negligence action on behalf of living plaintiffs. The infant plaintiff died on January 2, 1969 and the Statute of Limitations for a wrongful death action expired two years later (EPTL 5-4.1). When the complaint containing a cause of action for wrongful death was served on March 31, 1971, the time for commencement of such cause of action had already expired. The proffered complaint could not be considered an amendment of the summons, as a pleading in an existing action, because a summons is not a pleading (CPLR 3011) and the summons at bar did not give notice of the occurrence on which the proffered pleading was based (see CPLR 203, subd. [e]). Nor can we say that the cause of action for wrongful death was interposed when the original summons was served, because CPLR 203 (which, in paragraph 1 of subdivision [b] states the general rule that a claim asserted in a complaint is deemed interposed when the summons is served) apparently contemplates only causes of action that accrued before the summons was served; and here the summons was served before the infant plaintiff died and the cause of action for wrongful death accrued. Hence, the cause of action for wrongful death must be considered as one first asserted when the proffered complaint was served. At that time that cause was already barred by the Statute of Limitations; and, for that reason, leave to incorporate such cause of action in the proffered complaint should have been denied. But the foregoing analysis does not apply to the cause of action for conscious pain and suffering. As to that cause of action, there was no need to "amend" the complaint or the title of the action; and the conscious pain and suffering cause was interposed when the action was instituted by the service of the summons. As to that cause of action, the only real questions are whether there was an adequate excuse for the delay in serving the complaint, whether the action had in fact been abandoned and whether justice would be served by now denying plaintiff his day in court. Recognizing the problems and difficulties in finding and inducing medical experts to testify against fellow doctors, and considering the substitution of attorneys in this case, it seems to me that this record adequately

supports a discretionary determination that there was a reasonable excuse for the delay in serving the complaint. It also seems clear that there was no intent to abandon the action against Fogarty, but only against the other defendants, as evidenced by the decision to discontinue against the others after an expert's appraisal of the medical records was finally obtained. And it is also clear that the ends of justice require that plaintiff have his day in court and not be denied it even if his attorneys may not have been as diligent or competent as they should have been. I vote to affirm the denial of Fogarty's motion to dismiss, to reverse that part of the order which granted plaintiff's cross motion to amend the title and permit service of a complaint including a cause of action for wrongful death, and to deny that cross motion.