■ In the Matter of HARVEY G. HUEY et. al., Petitioners, and CAROLINE D. WEPPNER et al., Appellants, v. GEORGE G. SIPPRELL et al., Respondents.— Judgment unanimously reversed on the law, without costs, and petition reinstated. Memorandum: Appellants are members of a class who initiated this article 78 proceeding in 1966 to recover salary differentials allegedly due them as employees of the Erie County Department of Social Services under section 79-a of the Social Services Law. The Court of Appeals upheld the constitutionality of that

statute in *Matter of Friedman* v. *Suffolk County Board of Supervisors* (25 N Y 2d 873) and subsequent to that decision the county disposed of the claims of 43 of the 54 claims in this proceeding by the terms of a written stipulation of settlement dated December 15, 1969. The appellants' claims were not settled because there remained a dispute over their eligibility for benefits. The stipulation provided that if they desired "to have a court determine the applicability of section 79-a Social Services Law to (appellants) or any of them the question or questions involved may be submitted to Special Term upon 10 days' notice to the attorneys for the respondents specifying the person or persons involved and the basis upon which eligibility of each said person is claimed." Appellants did not move to litigate their claims until October 5, 1972, two years and 10 months later. Special Term dismissed the claims and held appellants were barred from relief by laches, holding that a party must make a demand "within a reasonable time after the right to make it occurs or after he knows or should know of the facts which give him a clear right of relief." The case involves a pending proceeding in which the petitioners have not moved. Dismissal is affected pursuant to the provisions of CPLR 3216. While there is authority for the proposition that under common law equitable principles the doctrine of laches applies to want of prosecution (cf. 2 Lawrence, Equity Jurisprudence, § 1037), the common law has been superseded by the CPLR in this case and that doctrine would not apply in any event without the delay occasioning some prejudice to respondents (5 Pomeroy's Equity Jurisprudence [3d ed.], § 21, p. 39). The cases relied upon by respondents to support their contention of undue delay are distinguishable. They involve delay prior to the commencement of the action, not subsequent to it (cf. *Austin* v. *Board of Higher Educ.*, 5 N Y 2d 430; *Matter of Devens* v. *Gokey*, 12 A D 2d 135). (Appeal from judgment of Erie Special Term, denying motion for salary increases in article 78 proceeding.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.