■ FUCHS & LANG SUN CHEMICAL DE VENEZUELA, C. A., et al., Respondents, v. SCHENECTADY CHEMICALS, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered June 19, 1973 in Schenectady County, which denied defendant's motion to dismiss plaintiffs' second cause of action and granted plaintiffs' cross motion to dismiss the affirmative defenses in defendant's answer. Plaintiffs claim damages in the sum of $5,228.25 in

increased customs duties and fines which they allegedly incurred as a result of the mislabeling of 40 drums of resin which they had ordered from the defendant and which defendant shipped to them in Venezuela in October, 1964. This action was commenced by the service of a summons on February 21, 1968, while the complaint, alleging causes of action in negligence and contract, was served on February 23, 1973. In March of that year, defendant served its answer, together with motion papers seeking dismissal of the complaint, upon the grounds that: (1) the court has no jurisdiction of the subject matter; (2) the action is barred by the Statute of Limitations; and (3) the complaint fails to state a cause of action. Plaintiffs thereafter served an amended complaint, reducing the *ad damnum* clause from $10,550.15 to $5,228.25, and cross-moved to dismiss defendant's four affirmative defenses, which included laches and the matters raised on the motion to dismiss. Both motions were heard at Special Term on April 2, 1973. The court then proceeded to dismiss plaintiffs' negligence cause of action while otherwise denying defendant's motion to dismiss. It granted plaintiffs' cross motion to dismiss the affirmative defenses in the answer. Defendant's first contention on this appeal, that it was error to dismiss the defenses alleged in his answer, is without merit. Clearly, sufficient facts are alleged in the complaint to constitute a cause of action in contract, and said action is not barred by the four-year Statute of Limitations applicable to a contract for the sale of goods (Uniform Commercial Code, § 2–725). Laches, likewise, is no defense in an action at law commenced within the time allowed by the Statute of Limitations (*Appleton* v. *National Park Bank of New York,* 211 App. Div. 708; 36 N. Y. Jur., Limitations and Laches, § 154), and defendant concedes, in a letter to plaintiffs' counsel appearing in the record, that the reduction in the *ad damnum* clause negates any defense based on lack of subject matter jurisdiction. We find defendant's remaining contentions to be similarly without merit. His retention of the complaint clearly constitutes a waiver of his right to object to its late service (cf. *Lavigne* v. *Allen,* 36 A D 2d 981; *Lucenti* v. *City of Buffalo,* 29 A D 2d 833) and the letter which plaintiffs submitted into evidence exerted no improper influence upon the trial court as it would in all likelihood be admissible at the trial as an admission, and, even if it were not, it could properly be considered on this motion under CPLR 3211 (4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.01; *Phillips* v. *Kantor & Co.,* 31 N Y 2d 307). Order affirmed, with costs. Herlihy, P. J., Greenblott, Cooke and Main, JJ., concur; Kane, J., concurs in the result.