LILLIAN WEINSTEIN et al., Appellants, v GENERAL MOTORS CORPORATION, Respondent.

First Department, March 25, 1976

*Samuel E. Seigel* for appellants. *James P. Barrett* of counsel

*(Frazer F. Hilder* with him on the brief; *Simpson Thacher & Bartlett,* attorneys), for respondent.

KUPFERMAN, J. On September 15, 1968 the plaintiffs purchased a new automobile. While on a trip, on April 19, 1969, the plaintiffs were seriously injured in an accident, which they allege was due to the defective condition of the automobile's exhaust pipe, which caused exhaust gases to enter the automobile. A summons without a complaint was served on the defendant on August 10, 1971. Defendant's attorneys served a notice of appearance on August 16, 1971. The action lay dormant until December, 1972, when a complaint was attempted to be served upon the attorneys for the defendant and which they returned. Thereafter, a summons and complaint were served upon the defendant on December 8, 1972, and an answer was interposed setting forth the Statute of Limitations as a defense.

"An action is commenced and jurisdiction acquired by service of a summons." (CPLR 304.) While service of a complaint is not necessary to commence the action, if it is not served within 20 days after the demand therefor, "the court upon motion may dismiss the action." (CPLR 3012, subd [b].) The defendant did not so move. Hence, the action was still viable when plaintiffs attempted to serve the complaint in December of 1972. However, defendant's attorneys properly returned the complaint, because retention might constitute a waiver of the right to object to its late service. *(Lucenti v City of Buffalo,* 29 AD2d 833.)

When the complaint was returned, the plaintiffs could have moved to compel its acceptance, at which time the defendant could cross-move to dismiss pursuant to CPLR 3012 (subd [b]) for neglect to prosecute, the granting of which cross motion *(if* made and granted) would have made the six months' extension of the Statute of Limitations pursuant to CPLR 205, (subd [a]) unavailable to the plaintiffs. *(Wright v Farlin,* 42 AD2d 141, app dsmd 33 NY2d 657.) Plaintiffs instead commenced a new action by serving a new summons *and complaint* on the defendant on December 8, 1972. The court at Special Term (SILVERMAN, J.) correctly applied the then applicable law and dismissed the plaintiffs' complaint on the ground that the four-year Statute of Limitations of subdivision (1) of section 2-725 of the Uniform Commercial Code barred the action at the time. Under *Mendel v Pittsburgh Plate Glass Co.* (25 NY2d

340), the breach of warranty occurred at the time of the automobile purchase, regardless of when the injury was sustained. This meant that over four years having elapsed between the date of the sale of the automobile and the service of the second summons *with* complaint, the cause of action was barred.

In the interim, the Court of Appeals in *Victorson v Bock Laundry Mach. Co.* (37 NY2d 395) has determined that in a products liability case the approach could be, from a Statute of Limitations point of view, the same as that of a case on the theory of negligence. This would mean that the applicable statute would be three years from the time of the accident (CPLR 214). Again, the service of the second summons *with* complaint was more than three years from the time of the accident, and accordingly the cause of action was barred.

The plaintiffs would have us apply the four-year Statute of Limitations of the Uniform Commercial Code from the date of the happening of the accident. There is, at this time, no warrant in law for this approach.

The order entered March 17, 1975, and the judgment entered on April 3, 1975 granting summary judgment dismissing the complaint, should therefore be affirmed, without costs.

MARKEWICH J.P., LUPIANO and LYNCH, JJ., concur.

Order, Supreme Court, New York County, entered on March 17, 1975, and the judgment of said court entered thereon on April 3, 1975, unanimously affirmed, without costs and without disbursements.