■ MARION WARREN, Respondent, v RICHARD BAKER, Appellant.— Order unanimously reversed, without costs, motion granted and action dismissed. Memorandum: Defendant appeals from an order denying his motion to dismiss the action pursuant to CPLR 3012 (subd [b]) for failure to prosecute. This automobile negligence action was commenced by service of a summons in October, 1974. Though defendant served a notice of appearance and demand for complaint in February, 1975, the complaint was not served until after the return date of defendant's motion to dismiss in October, 1976. While plaintiff was without an attorney from sometime in June, 1976 until September, 1976, no justification is offered for the failure of her first two attorneys to respond to defendant's demand for a complaint. We find that the 16-month period of delay which occurred while plaintiff was represented, was inordinate and was the result of "Law Office Failure" (see *Sortino v Fisher,* 20 AD2d 25, 29). Additionally, plaintiff's affidavit of merits is insufficient in that it contains no reference to injuries or damages (see *Jerge v Fuglewicz,* 36 AD2d 890). Accordingly, we find that Special Term abused its discretion in denying defendant's motion, since plaintiff has not satisfied the burden of showing that the delay in the prosecution of her action is excusable and that her claim is meritorious (see, e.g., *Rabetoy v Atkinson,* 49 AD2d 691, app dsmd 37 NY2d 803). Finally, plaintiff's reliance upon *Lucenti v City of Buffalo* (29 AD2d 833) is misplaced. Here, unlike

*Lucenti,* defendant did not accept the complaint until after Special Term had ruled upon its motion to dismiss the action. (Appeal from order of Jefferson Supreme Court—dismiss action.) Present—Cardamone, J. P., Simons, Dillon, Goldman and Witmer, JJ.