■ JUDI ANDREANO, Respondent, v RAY TESTA, Appellant.—Order unanimously reversed, with costs, motion granted and action dismissed. Memorandum: This action was commenced in Monroe County Court on October 25, 1976 by service of a summons with notice for breach of contract in the amount of $3,500. Defendant served a notice of appearance and demand for complaint on November 12, 1976; however, the complaint was not served on defendant's attorney until February 9, 1978, at which time plaintiff also served a notice of motion returnable February 22, 1978 to increase the *ad damnum* clause to $22,000 and to remove the action to

Monroe County Supreme Court. The attorney for defendant returned the complaint to plaintiff by letter dated February 15, 1978, enclosing therein an affidavit in support of a cross motion by defendant for dismissal of the action under CPLR 3012 (subd [b]) for failure to serve the complaint within 20 days of his demand. Special Term granted plaintiff's motions and denied defendant's cross motion. To resist successfully a motion to dismiss under CPLR 3012 (subd [b]), a plaintiff must show that his delay in serving the complaint was excusable, and that his cause of action is meritorious (e.g., *Warren v Baker,* 57 AD2d 709). A heavy burden of explaining his dilatory conduct rests upon plaintiff *(Coons v After Dark in Rochester,* 56 AD2d 738). The asserted explanation for the substantial delay in serving a complaint was that the attorneys for both parties had agreed to treat the matter informally, discussing arbitration as a possible means of resolving the dispute, and that settlement negotiations were being conducted. The record, however, shows that no extension of time had been given to plaintiff and that the last communication regarding settlement was some time around June, 1977. Settlement negotiation, as an excuse for delay, ceases to have effect within a brief interval after the last communication *(Solomon v Perkins,* 52 AD2d 753, 754; *Sortino v Fisher,* 20 AD2d 25, 29). On these facts, we are unable to conclude that plaintiff has met the heavy burden of explanation which is cast upon him. Moreover, plaintiff has failed to show the existence of a meritorious cause of action. The only proof submitted in support of the cause of action was an affidavit of plaintiff's attorney, who lacked personal knowledge of the facts underlying the claim. Such an affidavit has no probative value *(Bruno v Bruno,* 60 AD2d 788; *Israelson v Rubin,* 20 AD2d 668, affd 14 NY2d 887). The alleged construction agreement was not set forth, the nature of the breach was unspecified, and the extent of damages was not particularized. Though repairs on plaintiff's premises were allegedly estimated in the sum of $16,375, the estimate was not provided. Finally, we find no waiver by defendant of his objection to timely service of the complaint. A motion to dismiss under CPLR 3012 (subd [b]) may be made after service of a tardy complaint where the complaint is promptly rejected *(Weinstein v General Motors Corp.,* 51 AD2d 335; *Wilkening v Fogarty,* 40 AD2d 1031; cf. *Maunz v Laube,* 60 AD2d 970; *Lucenti v City of Buffalo,* 29 AD2d 833). (Appeal from order of Monroe Supreme Court —remove action.) Present—Marsh, P. J., Moule, Simons, Hancock, Jr., and Witmer, JJ.