■ CARLETON DAILEY, Appellant, v DALE SMILEY, Defendant, and MARCUS DENNISON et al., Respondents.—Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: All of the causes of action alleged in the complaint before us have a one-year Statute of Limitations (CPLR 215) and this case presents no grounds for a toll. The libel cause of action accrued on the date the defamatory words were published *(Toomey v Farley,* 2 NY2d 71, 79), sometime in November, 1969 in the case of defendants Dennison and Strait; and on December 3, 1969 in the case of defendant Smiley. The Statute of Limitations began to run on the false arrest and unlawful imprisonment claim on December 4, 1969, the date that plaintiff Dailey was arrested and released on bail *(Jones v Town of Johnstown,* 41 AD2d 866; *Huff v State of New York,* 27 AD2d 892). The malicious prosecution claim arose on December 18, 1969 when the prior action was terminated *(Giglio v Delesparo,* 46 AD2d 928). Since the summonses were not served upon all the defendants until December 8 and 10, 1970, the causes of action for false arrest, unlawful imprisonment and libel are time-barred. The cause of action for malicious prosecution, however, was timely served and since no action was properly taken by defendants, this cause of action in the complaint should not have been dismissed. Before a motion to dismiss for want of prosecution under CPLR 3216 may be granted, the conditions set forth in subdivision (b) of that section must be fulfilled *(Prince of Peace Lutheran Church v Hibner,* 44 AD2d 830; *Martine v Griffiths,* 39 AD2d 553; *Gorton v Nelson,* 39 AD2d 799; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3216:14, p 925). The first condition is that issue must have been joined. Since this has not yet occurred a motion to dismiss under CPLR 3216 does not lie. An action may also be dismissed if a complaint is not served within 20 days after service of a demand for the complaint (CPLR 3012). Concededly, the complaint was not served timely when demanded. However, defendants did not move to dismiss until after service of the complaint was effected upon them. Even were the motion to have been made before the complaint had been served, the fact that defendants failed to return it to plaintiff and, indeed, retained it, its retention by the defendants after such a long lapse of time from their demand amounts to a waiver of its untimely service *(Fuchs & Lan Sun Chems. De Venezuela, C. A. v Schenectady Chems.,* 43 AD2d 881; *Lucenti v City of Buffalo,* 29 AD2d 833; see *Warren v Baker,* 57 AD2d 709). Finally, dismissal may not be based upon laches since this common-law equitable principle has been superseded by the CPLR *(Matter of Huey v Weppner,* 42 AD2d 1028). (Appeal from order of Yates Supreme Court—dismiss complaint.) Present—Moule, J. P., Cardamone, Dillon, Hancock, Jr., and Schnepp, JJ.