■ JOHN A. DOBBINS, Individually and as Father and Natural Guardian of PATRICK DOBBINS, an Infant, et al., Respondents, v COUNTY OF ERIE, Appellant, et al., Defendant.—Order unanimously reversed, without costs, motion granted and action dismissed. Memorandum: This long-delayed action was instituted by service of a bare summons on July 30, 1969, based upon medical malpractice alleged to have occurred during the infant plaintiff's earlier hospitalization in a facility owned by the defendant County of Erie. A notice of appearance was duly served by the county in August, 1969, at which time plaintiffs and the county were represented by counsel other than their present attorneys of record, who have only recently been formally substituted. On a prior appeal from an order which vacated an order dismissing the action because of plaintiffs' failure to serve a complaint in a timely manner, we held that the acts of an attorney who has not been substituted in accordance with CPLR 321 (subd [b]) should be disregarded and thus we found that the defendant's attorneys lacked standing to make the motion to dismiss *(Dobbins v County of Erie,* 58 AD2d 733). We granted leave to the county to renew its motion by attorneys of record. Thereafter

the law firm which had been acting as counsel for the county was formally substituted of record and again moved to dismiss the action pursuant to CPLR 3012 (subd [b]). Prior to the return of the motion, plaintiffs served a complaint upon the county's attorneys but the complaint was immediately returned to plaintiffs' attorneys. The motion to dismiss was denied on the erroneous basis that because the complaint had been served, there was no need for the plaintiffs to submit an affidavit of merit. A motion to dismiss for failure to serve a complaint may be made after tardy service of a complaint where, as here, the complaint is promptly rejected (*Andreano v Testa,* 64 AD2d 1019; *Weinstein v General Motors Corp.,* 51 AD2d 335; cf. *Lucenti v City of Buffalo,* 29 AD2d 833). It is equally well established that to resist successfully a motion to dismiss under CPLR 3012 (subd [b]), a plaintiff must show that his delay in serving the complaint was excusable and that his cause of action is meritorious (*Andreano v Testa, supra; Dobbins v County of Erie, supra; Warren v Baker,* 57 AD2d 709). In granting leave to the county to renew its motion, we implicitly afforded plaintiffs a further opportunity to demonstrate excusable delay and a meritorious cause. Having failed to satisfy those requirements, the action must be dismissed. (Appeal from order of Erie Supreme Court—dismiss action.) Present—Marsh, P. J., Moule, Simons, Dillon and Hancock, Jr., JJ.