◼ BARRY BUCHNER, Respondent, v PINES HOTEL, INC., Appellant.— Appeal from an order of the Supreme Court at Special Term, entered June 20, 1979 in Sullivan County, which denied defendant's motion to vacate a note of issue and to dismiss the action pursuant to CPLR 3012 (subd [b]) and 3215 (subd [c]). This action was commenced by the service of a summons on May 2, 1975, to recover for injuries incurred in an accident on March 20, 1971. A notice of appearance was served on behalf of defendant on May 6, 1975. A copy of the complaint was served by mail on April 14, 1977. No answer was ever served. Thereafter, plaintiff's attorneys were advised of an order staying proceedings against insureds of Empire Mutual Insurance Company commencing September 1, 1977. The parties differ as to when this order terminated, defendant asserting that it terminated in March, 1978, and plaintiff asserting the fall of 1978. On April 4, 1979, plaintiff's attorney advised defendant's then attorney that a copy of the complaint had been served on April 14, 1977, and that they had not received an answer. A second copy of the complaint was enclosed, with a request that the matter be given early attention. A note of issue was filed on April 27, 1979, for the September 1979 Trial Term, although the answer had not yet been served. On May 1, 1979, the present attorneys for defendant were substituted for the original attorneys. On May 1, 1979, defendant moved for an order vacating the note of issue and dismissing the action for failure to serve a timely complaint and for failure to enter judgment within one year. Special Term denied the motion. CPLR 3012 (subd [b]) provides that an action may be dismissed if a complaint is not served within 20 days after service of a demand for the complaint. Concededly, the complaint was not timely served, but having been served on April 14, 1977, it was retained by defendant. Such retention by defendant after such a long lapse of time from its demand constitutes a waiver of the untimely service *(Dailey v Smiley,* 65 AD2d 915). As to the motion pursuant to CPLR 3215 (subd [c]), Special Term denied the motion on the ground that the "posture of this litigation does not warrant granting the relief sought in the notice of motion dated May 1, 1979." CPLR 3215 (subd [c]) provides as follows: "If the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed". Plaintiff asserts that he did not pursue his remedies in default against defendant as a result of the stay or moratorium on actions against insureds of Empire Mutual Insurance Company, in effect on September 1, 1977 until sometime in the fall of 1978. Plaintiff was advised of the stay by the then attorneys for defendant, although a copy of the order was not provided. Concededly, such stay was in existence and, although defendant asserts that it terminated in the month of March, 1978, the facts as to such termination were not communicated to plaintiff by defendant and, according to plaintiff, on the information avail-

able to his attorneys, the stay was still in effect at the September 1978 Trial Term in the Supreme Court, Sullivan County. At the time this stay became effective, one year had not expired from the time of the default. Plaintiff was, therefore, precluded from applying for a default judgment when the one year expired. This stay effectively tolled the period under which plaintiff was required to apply pursuant to CPLR 3215 (subd [c]), until such time as plaintiff was notified of its termination or had information of its termination. The exact date this information became available to plaintiff is not known. Assuming this information became available at the opening of the October 1978 Trial Term, seven months would have expired on May 1, 1979 when this motion was brought. The complaint having been served on April 14, 1977, defendant was not in default in answering until at least May 5, 1978. Less than five months had expired after the service of the complaint when the stay went into effect. Under these circumstances, Special Term properly excused plaintiff's failure to apply for a default judgment within the one-year period and denied the motion. Order affirmed, without costs. Sweeney, J. P., Kane, Staley, Jr., Casey and Herlihy, JJ., concur.