■ NORMAN W. GROAT et al., Respondents, v LYNDON ROBINSON et al., Doing Business as ROBINSON BROTHERS, Appellants. — Appeal from an order of the Supreme Court at Special Term, entered July 3, 1980 in Delaware County, which, *inter alia,* denied defendants' cross motion to dismiss the complaint. The record reveals that the plaintiffs have been in default in the service of their complaint since about April 27 or April 30, 1978. By a letter dated May 18, 1978, the defendants' attorney reminded plaintiffs' counsel that his clients had appeared and demanded a copy of the complaint on April 7, 1978 and had received no response. On September 12, 1979 counsel for defendants told plaintiffs' counsel that he would accept the complaint if received by him by September 17, 1979. The record contains an affidavit by plaintiffs' counsel which establishes that instead of delivering the complaint as required, counsel mailed the complaint at some unspecified time on September 17, 1979. The foregoing facts establish that the plaintiffs had defaulted in service of the complaint. In this proceeding, counsel for plaintiffs alleged that the default had been excused by the defendants. However, the record establishes that by letter dated September 20, 1979 defendants' counsel advised plaintiffs' counsel that he was not accepting the late service, but would confer with his clients. That position was reaffirmed on September 27, 1979 when it was made even more certain that defendants were not accepting the late service. We find that there was no retention of the complaint in this case which could be construed as a waiver of the right to move for a dismissal for failure to timely serve a complaint. (Cf. *Buchner v Pines Hotel,* 74 AD2d 969.) The plaintiffs offer no reasonable excuse for their failure to timely serve the complaint and there is no affidavit of merit. In any event, it is apparent that the extended delay in service of the complaint is referrable to law office failure and defendants' motion to dismiss should have been granted *(Barasch v Micucci,* 49 NY2d 594). Order modified, on the law and the facts, by striking the last decretal paragraph which denied defendants' cross motion and by inserting a provision granting the cross motion to dismiss the complaint, and, as so modified, affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.

■ ELIAS S. SHOUCAIR, Appellant, v HOWARD K. READ et al., Respondents. — Appeal from an order of the Supreme Court at Special Term, entered June 12, 1980 in Clinton County, which denied plaintiff's motion to dismiss defendants' second affirmative defense of the Statute of Limitations. Assuming that plaintiff's complaint states a valid cause of action in negligence, the facts contained in the record are insufficient to allow a determination as to when the cause of action arose. Accordingly, Special Term did not err in denying plaintiff's motion to dismiss the affirmative defense of the Statute of Limitations. Order affirmed, with costs. Kane, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.