■ BANKERS TRUST HUDSON VALLEY, N.A., Respondent, v ARTHUR Y. BRESSMAN et al., Appellants. — In an action on a promissory note, defendants appeal from an order of the Supreme Court, Dutchess County (Jiudice, J.), entered December 1, 1980, which denied their motion pursuant to CPLR 3012 (subd [b]) to dismiss the action. Order reversed, on the law, without costs or disbursements, defendants' motion is granted and the action is dismissed. This action was commenced on November 16, 1979 by the service of a summons. Defendants served a notice of appearance and demand for a complaint on January 26, 1980. By notice of motion dated October 10, 1980, defendants moved, pursuant to CPLR 3012 (subd [b]), to dismiss the action for failure to serve the complaint within 20 days of demand. On October 28, 1980 the plaintiff served the complaint. In opposing the motion to dismiss, plaintiff argued that it deliberately chose not to serve the complaint as an appeal in a related action was pending. It was claimed that the rights of the parties in the instant action would have been determined by an appellate ruling. Plaintiff's strategy was to wait for the appellate determination and, if favorable, to serve the complaint and move for summary judgment based upon collateral estoppel. As it turns out, the appeal in the related action was abandoned by defendant Bressman and dismissed by an order of this court dated November 12, 1980 upon a motion by the plaintiff bank. In order to defeat a motion pursuant to CPLR 3012 (subd [b]), plaintiff must demonstrate that the delay in serving the complaint was excusable and that the cause of action is meritorious. Plaintiff's deliberate failure to serve the complaint pending an appellate determination is not a valid excuse. It is plain that the pending appeal did not prevent plaintiff from protecting its rights by serving the complaint. The strategy to await an appellate determination and move for summary judgment could have still been pursued after the complaint was timely served. No extension was ever sought by the plaintiff. Instead, it unilaterally chose to ignore procedural requirements and refused to respond to defendants' demand. The claimed judicial economies do not justify the course of action taken. The unreasonableness of plaintiff's conduct renders the given excuse invalid. (see *Merchandising Presentation v Blumenfeld,* 74 AD2d 523; *Andreano v Testa,* 64 AD2d 1019.) Titone, J.P., Mangano, Gibbons and Thompson, JJ., concur.