OPINION OF THE COURT
Harold J. Hughes, J.
The issue raised on this motion is whether the making of a motion to dismiss a complaint as untimely served extends the time to serve an answer thereto.
The court holds that when a defendant rejects a complaint as untimely served and moves for dismissal under CPLR 3012, and that motion is denied, the time in which to answer is extended until 20 days after the reservice of the rejected complaint.
In this action against an attorney for alleged malpractice, the defendant’s demand for a complaint was served by mail on November 24,1982. Plaintiff served the complaint on December 15, 1982. CPLR 3012 (subd [b]) provides that “[s]ervice of the complaint shall be made within twenty days after service of the demand.” Defense counsel determined the service to be one day late and promptly “rejected the complaint and made a motion against it” (par 5 of reply affidavit of Stuart C. Henderson, sworn to January 18, 1983). Plaintiff cross-moves for a default judgment, asserting that under CPLR 2103 (subd [b], par 2) he had 23 days in which to serve the complaint, since the demand therefor was served by mail, and, since the complaint was timely served and the defendant never answered, a default judgment is mandated under the rule of Eaton v Equitable Life Assur. Soc. of U. S. (56 NY2d 900).
*1023 Prior to January 1, 1983 a plaintiff receiving a demand to serve a complaint in the mail had 23 days in which to do so* (see Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3012:17, p 594). Thus, the complaint was timely served by plaintiff’s counsel. The novel aspect of this case is plaintiff’s contention that he is entitled to a default judgment due to defendant’s failure to answer or move against the complaint. Unlike CPLR 3024 and 3211 which extend the time to serve an answer until 10 days after the determination of a motion made thereunder in the event the motion is denied, CPLR 3012 contains no express provision extending a defendant’s time to answer in the event the motion to dismiss is denied. The court now determines that such an extension of time is implicit.
A defendant receiving what is deemed to be an untimely complaint must promptly reject and return the complaint to the plaintiff, or else be held to have waived objection to the late service (Dobbins v County of Erie, 65 AD2d 934; Weinstein v General Motors Corp., 51 AD2d 335). Once rejected, the complaint is inoperative with respect to the commencement of the defendant’s time period in which to answer, until such time as the court has directed the defendant to accept the complaint. Any other rule would result in a situation where, in order to avoid a default judgment, a defendant would be compelled to answer a complaint that has already been rejected as untimely served, which would be a ludicrous result.
The motion for an order pursuant to CPLR 3012 dismissing the complaint, and the cross motion of plaintiff for a default judgment, shall be denied, without costs, and the order to be entered hereon shall direct the defendant to accept service of plaintiff’s complaint and serve an answer thereto within 20 days of the receipt thereof.

 By chapter 20 of the Laws of 1982, CPLR 2103 (subd [b], par 2) was amended to increase from three to five the number of days for the service of a paper by mail.