■ **STEFAN LUKSIC**, Respondent, v **JOHN S. KILLMER**, Appellant. — In an action to recover damages, *inter alia,* for personal injuries and property damage allegedly sustained as a result of a motorcycle accident, defendant appeals from an order of the Supreme Court, Orange County (Green, J.), dated June 8, 1983, which denied his motion to dismiss the action for failure to timely serve a complaint, upon condition that within 30 days after service upon him of a copy of the order with notice of entry, plaintiff serve his complaint. ¶ Order reversed, on the law, with costs, motion granted and action dismissed. ¶ Defendant moved to dismiss plaintiff's action nearly seven months after serving a demand for the complaint upon plaintiff pursuant to CPLR 3012 (subd [b]). In opposition to the motion, plaintiff submitted an attorney's affirmation, alleging, in effect, that he did not intend to serve a complaint as long as settlement negotiations with defendant's insurance carrier were still in progress. In addition, counsel simply alleged that plaintiff had a good and meritorious case since defendant's motorcycle had collided with the rear end of plaintiff's motorcycle. ¶ Based upon the foregoing facts which were before Special Term, it was an abuse of discretion for the court not to unconditionally grant defendant's motion to dismiss the action (CPLR 3012, subd [b]; see *Stolowitz v Mount Sinai Hosp.,* 60 NY2d 685; *Bankers Trust Hudson Val. v Bressman,* 84 AD2d 555, affd 56 NY2d 565). Counsel's bald assertion that the action had merit because the accident from which it arose involved a rear-end collision was insufficient as a matter of law, it being well established that the affidavit of merit must be made by a party with personal knowledge of the facts relating to the claim, and such facts must reach an evidentiary standard sufficient to defeat a motion for summary judgment (see *Tonello v Carborundum Co.,* 91 AD2d 1169, affd 59 NY2d 720; *Abrams, Kochman, Rathskeller v Esquire Motels,* 79 AD2d 879; *Andreano v Testa,* 64 AD2d 1019). ¶ Moreover, it is clear that the so-called settlement negotiations at bar do not provide a reasonable excuse for the delay in serving a complaint (cf. *Berna v Monroe Community Coll.,* 91 AD2d 1199). The record reflects that plaintiff's counsel communicated with a claims adjuster for defendant's insurer during two specific periods. The first period was after the summons was served and *after* defendant appeared and demanded service of the complaint, when the adjuster sought medical and hospital records which plaintiff's counsel had difficulty in securing. The second period of communication occurred approximately six and a half months after service of the demand for a complaint and immediately *after* plaintiff's receipt of defendant's motion to dismiss, at which time the adjuster allegedly stated that he wished to try and settle the case rather than have plaintiff's counsel serve a complaint. ¶ In light of these facts, plaintiff has offered no reasonable explanation why he deliberately failed to timely serve a complaint upon defendant to preserve his right to proceed in the courts if a settlement could not ultimately be reached (see *Bankers Trust Hudson Val. v Bressman,* 84 AD2d 555, affd 56 NY2d 565, *supra*). O'Connor, J. P., Brown, Boyers and Eiber, JJ., concur.