■ LAWRENCE CARP, Appellant, v STANLEY T. MARCUS, Respondent. — Appeal from an order of the Supreme Court at Special Term (Swartwood, J.), entered February 22, 1984 in Tompkins County, which denied plaintiff's motion for a default judgment.

On August 9, 1981, plaintiff and defendant were involved in a fracas at defendant's house where plaintiff had recently been residing with defendant's estranged wife. On June 25, 1983, plaintiff served defendant with a complaint alleging causes of action arising out of this situation. They included interference with contractual relations, trespass, assault, intentional infliction of emotional distress and breach of the warranty of habitability.

On July 7, 1983, defendant's attorneys filed an answer to this complaint. On July 30, 1983, plaintiff served an amended complaint on defendant setting forth three additional causes of

action, sounding in defamation, intentional infliction of emotional distress and prima facie tort. Defendant's attorneys returned the amended complaint to plaintiff, informing him that it was being rejected because they deemed that it had been untimely served.

Nothing further occurred in this matter until January 20, 1984 when plaintiff moved for a default judgment on the amended complaint, based on defendant's failure to file an answer thereto. Special Term denied plaintiff's motion and this appeal ensued.

Initially, we note that plaintiff's amended complaint was not untimely served. CPLR 3025 (subd [a]) permits a party to amend his complaint without leave 20 days after the answer thereto has been served. CPLR 2103 (subd [b], par 2) extends this period by five days where service is made, as it was here, by mail upon the opposing party's attorney. Accordingly, plaintiff had 25 days from July 7, 1983, the date upon which the answer was served, within which to file an amended complaint without leave. This plaintiff accomplished by serving his amended complaint by mail on defendant's attorney on July 30, 1983.

However, plaintiff could not remain silent in the face of defendant's rejection of the amended complaint and then successfully move for a default judgment. Once an allegedly defective complaint is rejected and returned by a defendant, the complaint is inoperative with respect to triggering the time period in which an answer must be served. This holds true until the plaintiff obtains a court order, compelling the defendant to accept service (see *Mullen v Ackerman,* 117 Misc 2d 1022, 1023; see, also, 3 Carmody-Wait 2d, NY Prac, § 20:7, pp 504-506; § 20:13, p 509).

Hence, upon defendant's rejection of the amended complaint, plaintiff's course should have been to move for an order compelling acceptance of service. Once such an order had been granted, the time limitation within which defendant had to file an answer to the amended complaint would have been triggered, upon the running of which plaintiff could *then* properly have moved for a default judgment.

We conclude that Special Term was correct in denying plaintiff's motion for summary judgment. However, inasmuch as the amended complaint was, in fact, timely served, it is ordered that plaintiff serve the amended complaint upon defendant within 20 days of the entry of the order to be entered upon this decision and that defendant accept service thereof.

Order modified, on the law and the facts, without costs, by directing defendant to accept and retain plaintiff's amended

complaint heretofore served and rejected which is to be served within 20 days of the entry of the order to be entered hereon, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.