■ Andrew F. Capoccia, P. C., et al., Appellants, v Dominick J. Brognano, Respondent.—Levine, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered November

21, 1986 in Albany County, which granted defendant's motion to dismiss the amended complaint with prejudice.

This action was initially commenced in Supreme Court, Oneida County. That court granted an order dismissing the action unless plaintiffs within 30 days of the date of service of a copy of the order served an amended complaint separately stating and numbering their causes of action, and changing the venue of the action to Albany County. Plaintiffs were served with a copy of the order on March 18, 1986. An amended complaint was served by mail on defendant on April 18, 1986. Some 10 days later, defendant moved in Supreme Court, Albany County, for dismissal of the amended complaint on the ground, *inter alia,* that the pleading was served one day beyond the time limit fixed in the earlier conditional order of dismissal. Plaintiffs submitted an opposing affidavit in which the only basis asserted for denial of defendant's motion was that service on April 18, 1986 was timely. Supreme Court took judicial notice that service on that date was beyond the 30-day period of the prior conditional order of dismissal and ruled that the action was dismissed by operation of the prior order. The court also noted that plaintiffs had not requested relief from the default and had not submitted an excuse for their tardiness or an affidavit of merits. Plaintiffs appeal from the unconditional order of dismissal which followed.

Supreme Court correctly found that service of the amended complaint, concededly made on April 18, 1986, was not in compliance with the 30-day conditional order, even taking into account that the time period in that order is to be calculated "exclusive of the calendar day [Mar. 18, 1986] from which the reckoning is made" (General Construction Law § 20). Despite plaintiffs' one-day tardiness in serving an amended pleading, however, we are of the view that defendant's motion to dismiss should have been denied. The expiration of the 30-day period in the conditional order did not operate as an automatic dismissal of plaintiffs' action *(see, Knapek v MV Southwest Cape,* 110 AD2d 928, 929). Hence, Supreme Court had authority to relieve plaintiffs of their default if appropriate reasons existed therefor. Once the case was transferred to Albany County and assigned to a Justice individually, relief from the strict terms of the conditional order could also have been granted without referral to the Justice of the Supreme Court, Oneida County, who granted that order *(see,* CPLR 2221 [b], as added by L 1986, ch 355, § 5, eff July 17, 1986; 22 NYCRR 202.8 [a]; *Ministry of Christ Church v Mallia,* 129 AD2d 922).

A sufficient basis for not enforcing the 30-day limit of the conditional order exists here. The record shows that, rather than promptly rejecting the amended complaint for untimeliness, defendant accepted the complaint, electing instead to make the motion to dismiss 10 days later. Numerous decisions support the conclusion that such retention of the pleading constituted a waiver of defendant's right to object to late service (see, Maunz v Laube, 60 AD2d 970; Fuchs & Lang Sun Chem. v Schenectady Chems., 43 AD2d 881, 882; Lavigne v Allen, 36 AD2d 981, 982; Lucenti v City of Buffalo, 29 AD2d 833, 834). The retention of the complaint is irrefutably established in the record. Therefore, this court is not precluded from considering it by reason of plaintiffs' failure to raise the issue in their opposing papers (see, Persky v Bank of Am. Natl. Assn., 261 NY 212, 217-219; Mueller v Funk, 84 AD2d 533; Matter of Knickerbocker Field Club v Site Selection Bd., 41 AD2d 539, 540).

Order reversed, on the law, with costs, and motion denied. Mahoney, P. J., Main, Casey, Mikoll and Levine, JJ., concur.