■ JOHN C. PETTINATO, Individually and as Officer, Director and Shareholder of VILLAGE GREEN LANDSCAPING & LAWN MAINTENANCE COMPANY, INC., Respondent, v CHARLES L. PETTINATO, Individually and as Officer, Director and Shareholder of VILLAGE GREEN LANDSCAPING & LAWN MAINTENANCE COM-

PANY, INC., et al., Appellants. (And a Related Proceeding.)—Weiss, J. Appeal from an order of the Supreme Court (Cobb, J.), entered April 10, 1987 in Albany County, which denied defendants' motion for a protective order.

Plaintiff and defendant Charles L. Pettinato (hereinafter defendant) are brothers who were equal shareholders in a corporation engaged in the landscaping and lawn maintenance business and equal owners of real property leased to the corporation. The instant litigation resulted from their disagreement in conducting the business. Plaintiff commenced the initial action, seeking injunctive relief, an accounting and money damages. Thereafter, defendant commenced a proceeding seeking judicial dissolution of the corporation. The action and proceeding have been joined for trial. This appeal followed Supreme Court's denial of defendant's motion, for a protective order in the action seeking to vacate plaintiff's notice for production of documents.

We affirm. This court has repeatedly recognized that trial courts enjoy broad discretion in supervising disclosure and issuing protective orders (*Andrew F. Capoccia, P. C. v Brognano,* 132 AD2d 834; *Albany Med. Coll. v McShane,* 117 AD2d 883; *Sarbro Realty Corp. v Kradjian,* 116 AD2d 866, 867). Having reviewed the record, we find ample basis for Supreme Court's determination that the document production demand complies with the specificity requirements of CPLR 3120 (a) (1) (*see, Palmieri v Kilcourse,* 91 AD2d 657). Supreme Court recognized that certain demands were somewhat general and fashioned an appropriate remedy by preserving defendant's right to raise any specific objections. Insofar as the demand relates to defendant's new corporation, Supreme Court could readily determine that the information sought was relevant. In short, Supreme Court properly exercised its discretion and the order appealed from should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.