■ CHARLOTTE MINOGUE, Respondent, v JOHN MONETTE et al., Appellants.—Mercure, J. Appeal from an order of the Supreme Court (Ford, J.), entered June 30, 1987 in Albany County, which granted plaintiff's motion for a default judgment.

This is an action for judgment declaring that plaintiff possesses an easement over defendants' realty and awarding damages allegedly resulting from defendants' interference with plaintiff's use thereof. In August 1986 plaintiff moved for default judgment or, in the alternative, for summary judgment for the relief demanded in the complaint, with damages to be ascertained following an inquest. In support of the motion for default judgment, plaintiff alleged that the action was commenced by service of a summons and complaint on or about March 17, 1986; that on or about April 21, 1986, plaintiff's attorney extended defendants' time to answer until May 2, 1986; that, following an intervening substitution of attorneys for defendants, the answer was served on or about June 18, 1986; that "[o]n or about June 26, 1986 [plaintiff's attorney] spoke with defendants' attorney and informed him that his answer would be returned as untimely"; that plaintiff's attorney returned the answer to defendants' attorney nearly seven weeks later, on August 11, 1986, with a letter stating, in part, "Per our telephone conversation of late June, 1986, I am returning herewith your answer in the above-captioned action on the ground that it is untimely and without sufficient explanation for its lateness."

Plaintiff's motion was granted by Supreme Court upon the ground that defendants did default in serving their answer in this action and that in spite of the oral notification from plaintiff's attorney that the answer was untimely and would not be accepted, no motion was made on behalf of defendants to excuse their default and/or compel plaintiff to accept their answer. The motion for summary judgment, presumably considered academic, was not addressed. This appeal ensued.

We reverse. Our review of the record constrains us to find that any objection to the late service of the answer was waived and that, accordingly, the motion for default judgment should have been denied. The acts surrounding the supposed rejection of the late answer consisted of plaintiff's retention of the pleading for eight days, followed by an oral statement that the pleading would be returned as untimely, followed by plaintiff's retention of the pleading for an additional 45 days before its ultimate return. This will not suffice. Physical retention of a pleading for an extended period of time will almost invariably constitute a waiver of its late service *(see, County of Nassau v Cedric Constr. Corp.,* 100 AD2d 890, 891; *Buchner v Pines Hotel,* 74 AD2d 969; *Dailey v Smiley,* 65 AD2d 915; *Lucenti v City of Buffalo,* 29 AD2d 833, 834). Under appropriate circumstances a finding of rejection has been made despite retention of the pleading *(see, Groat v Robinson,* 79 AD2d 1081), but no such circumstances are present here. The June 26, 1986 statement of plaintiff's attorney did not constitute a clear, unequivocal expression of current rejection. At best, it indicated that rejection was to be accomplished in the future and declared that the means of rejection, when it did occur, would be return of the answer. Accordingly, defendants' belief that they were not required to take any action until the answer was returned was reasonable.

Inasmuch as Supreme Court did not address the motion for summary judgment, we remit the matter to Supreme Court for determination thereof.

Order reversed, on the law and the facts, with costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Kane, Casey, Weiss and Mercure, JJ., concur.