■ J. ARTHUR RIESENBERG et al., Respondents, v NORMAN BACHRACH et al., Appellants.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Williams, J.), entered March 17, 1989 in Sullivan County, which denied defendants' motion to dismiss the action for failure to serve a complaint.

Plaintiffs served a bare summons with notice on October 26, 1987 and defendants responded by serving a notice of appearance and a demand for the complaint on November 12, 1987. To aid in framing the complaint, plaintiffs successfully moved to have one of the defendants submit to an examination before trial and produce certain documents. That deposition took place on February 11, 1988. Eight and one-half months later, defendants made the instant motion to dismiss the action for failure to serve the complaint within 20 days after service of their demand. While this motion was pending, plaintiffs served a verified complaint. Supreme Court then denied defendants' motion; defendants' brief indicates that an answer was interposed on December 15, 1988. Defendants maintain that Supreme Court's determination was erroneous as a matter of law.

As plaintiffs served their verified complaint prior to the return date of defendants' motion to dismiss, and defendants never rejected it, defendants waived their right to object to the timeliness of its service (see, Lavigne v Allen, 36 AD2d 981, 982; Lucenti v City of Buffalo, 29 AD2d 833, 834; see also, Andrew F. Capoccia, P. C. v Brognano, 132 AD2d 834, 836; Buchner v Pines Hotel, 74 AD2d 969). The case of Warren v Baker (57 AD2d 709) does not further defendants' cause, for there, unlike the case at hand, the complaint was not served until after the trial court had ruled upon the defendant's motion to dismiss (supra, at 709-710).

Defendants' waiver being dispositive of this appeal, we need not address whether plaintiffs demonstrated either a meritorious defense or excusable delay.

Order affirmed, without costs. Kane, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.